**Layton E. UNDERWOOD, Jr., Plaintiff-Appellant,**

v.

**Ruth Marie UNDERWOOD, Defendant-Respondent.**

**No. 24343.**

Kansas City Court of Appeals.

Missouri.

Feb. 7, 1966.

John R. Moore, Miller & Moore, Platte City, for appellant.

Robert P. C. Wilson, III, Platte City, for respondent.

SPERRY, Commissioner.

The real issue in this case is the legitimacy of a child born to defendant during the existence of the legal marriage between her and plaintiff. This appeal is from that portion of a decree of divorce wherein the court found and decreed that Johana Rae Ella Underwood, a child born to defendant, was also the child of plaintiff, and awarding defendant a judgment against plaintiff in the sum of $5.00 per week for support and maintenance of the child.

■ Our review will be both upon the law and the evidence, as in suits of an equitable nature. Boudinier v. Boudinier, 240 Mo.App. 278, 203 S.W.2d 89, 97 (K.C. App.). It follows that we will determine the sufficiency of the evidence to support the judgment. We will make our own finding of facts and conclusions, but where such findings rest upon contradictory oral testimony we will, ordinarily, defer to the judgment of the trial court, unless it is overwhelmingly contrary to the evidence.

This divorce suit was filed by plaintiff September 10, 1963. Plaintiff's testimony was to the effect that he and defendant were married May 29, 1961; that they finally separated June 29, 1962; that there was born of the marriage a girl named Shawndel Lyn, January 30, 1962; that, after separation, the parties never again lived together or cohabitated as man and wife; that defendant visited him at his apartment, occupied by plaintiff alone, several times in July and August, of 1962; that, in September, 1962, defendant telephoned him from Waynesville, Missouri, and requested that he bring her to Kansas City; that he went after her and, eventually, found her in company with a soldier; that she was intoxicated; that he took her to his own home in Platte County, Missouri; that, later, he took her to Kansas City. His testimony is replete with instances when, he stated, that he found her with other men, at times in bed with a man, at various hotels in Kansas City. He admitted that, after one or more such incidents, he went back and lived with her, in August of 1962; that she had been treated for a venereal disease. At one time, in his testimony, he stated that he cohabitated and resided with her in June of 1963, but he later claimed that he had made a mistake as to the year. His testimony indicates a vagueness as to various important dates that have to do with his relations with defendant.

It was established that defendant gave birth to Johana on January 6, 1964. Plaintiff contends that he never had sexual intercourse with defendant after their separation, June 29, 1962, and that Johana is not his child. It is not in dispute that defendant was pregnant a third time, in October of 1964, and there is no contention made that that child was sired by plaintiff. There is, on the contrary, testimony to the effect that defendant stated to a relative that plaintiff was not the father and named another as the sire of the then unborn child. There was also testimony to the effect that defendant stated to various witnesses that, at some time during the period herein covered, she had contracted a venereal disease, but there is no suggestion as to the source of the contagion. Plaintiff admitted that

he had been convicted of the crime of theft and was sentenced to two years in prison, with probation.

In the trial of this case defendant was not present personally and did not testify. However, she was represented by counsel who caused to be introduced in evidence testimony which defendant had previously given in this case, in connection with a motion filed by her. At that time she testified to the effect that she and plaintiff separated in June, 1962; that Shawndel was born to her prior to the separation; that, after the June 1962 separation, she and plaintiff saw each other as husband and wife a number of times; that she came to plaintiff's apartment several times and that they slept together and had sexual intercourse on such occasions; that three such visits occurred in March, 1963; that she was, at the time she testified, pregnant by plaintiff; that birth was expected December 22, 1963.

Defendant's aunt, in whose home defendant spent several years when she was a child, testified to the effect that defendant visited her, at her home, in October, 1964; that she was then pregnant; that she named, as the father, a man other than plaintiff; and that the truth was not in defendant.

In earlier times a child born during lawful wedlock was presumed to be the child of the husband unless the husband was beyond the four seas at all times during which it could reasonably be said that conception took place. It was said that that was one of the strongest presumptions known to the law. It was said that, unless the husband was shown to be "beyond the seas", as stated, the presumption was conclusive. In the light of modern travel and modern scientific developments, such a rule could no longer be logically maintained.

■ The question was well considered by the entire membership of this court, of which the author of this opinion was one, in Boudinier v. Boudinier, 203 S.W.2d 89.

At page 97 of the opinion we approved the declaration that the strength of the presumption is recognized and it will not fail unless common sense and reason are outraged by a holding that it abides—the presumption does not consecrate as truth the extravagantly improbable. We declared that the modern and prevailing rule is that the presumption may be rebutted and overthrown by proof of facts to the contrary. Any pertinent evidence admissible under the rules of evidence, tending to rebut the presumption, may be received. Our ruling in the Boudinier case is cited with approval in F.———— v. F.————, 333 S.W.2d 320, 326 (Mo.App.).

■ Our view of the evidence, and the conclusions to be drawn therefrom are the same as those of the trial judge. The evidence tending to rebut the presumption of legitimacy rests solely upon the unsupported testimony of plaintiff. He stated that he had not had sexual intercourse with defendant since June of 1962. He also stated positively, and repeated it upon further questioning by his attorney, that he had intercourse with her in June, 1963. He told of defendant's immoral conduct, naming two men and mentioning others with whom, he stated, she slept and lived. Knowing of that conduct, he admitted having lived with her thereafter. Defendant testified to the effect that she visited him, in his apartment, three times in March, of 1963, and slept with him. In view of the entire record, and of the personal and immoral history of both parties, we can only say that the evidence is not sufficient to rebut the presumption of legitimacy.

The judgment is affirmed.

MAUGHMER, C., concurs.

PER CURIAM:

The foregoing opinion of SPERRY, C., is adopted as the opinion of the Court.

All concur.