**Pauletta CORBETT, Appellant,**

v.

**Michael J. SNITZER, Respondent.**

**No. 38351.**

Missouri Court of Appeals,
St. Louis District,
Division One.

Oct. 25, 1977.

Aubuchon and Aubuchon, Daniel C. Aubuchon, St. Louis, for appellant.

Ralph K. Soebbing, St. Louis, for respondent.

CLEMENS, Presiding Judge.

Humanitarian negligence case. As plaintiff turned across the street into a private driveway defendant drove into the side of her car. Plaintiff submitted her case under MAI 17.15 on the theory of defendant's humanitarian negligence. She got a $4,000 verdict but on defendant's after-trial motion, the court granted a new trial for lack of evidence to support the humanitarian instruction.

▇ Plaintiff appeals, contending the evidence did make a submissible humanitarian case. We consider the evidence in the light most favorable to plaintiff and accord her the benefit of all supporting inferences deductible from the evidence. *Dillon v. Hogue*, 381 S.W.2d 599[1] (Mo.App.1964).

The facts: Plaintiff was driving west on Ladue Road on a dark, rainy evening. She intended to turn onto I–270 but missed her turnoff and continued westward. When she found a driveway where she could turn around plaintiff steered left across the eastbound land of Ladue Road at three to four miles per hour. To the west of the driveway, Ladue Road inclines gradually to the crest of a hill some 400 feet distant. Defendant, driving east at 30–35 miles per hour, crested the hill and saw plaintiff's car angled across his eastbound lane. He braked but failed to stop before striking plaintiff's automobile. Plaintiff never saw defendant's car before the collision.

The issue here is whether the evidence supported plaintiff's humanitarian submission. That doctrine, unique to Missouri, "proceeds upon the precept of humanity and of natural justice to the end that every person shall exercise ordinary [due] care for the preservation of another after seeing him in peril or about to become imperiled, when such injury may be averted without injury to others." *Dey v. United Rwys. Co. of St. Louis*, 140 Mo.App. 461, 120 S.W. 134[5] (1909). The oft-cited elements of a humanitarian case are: (1) Plaintiff was in a position of immediate danger; (2) defendant had actual or constructive notice thereof; (3) defendant, after receiving such notice, had the means at hand to have averted the impending injury without injury to himself or others; (4) he failed to exercise due care to avert the impending injury; and (5) by reason thereof, plaintiff was injured. *Pankey v. Claywell*, 417 S.W.2d 9[3–5] (Mo. App.1967).

Accordingly, the basic element of liability under the humanitarian rule is plaintiff's position of immediate danger. *Yarrington v. Lininger*, 327 S.W.2d 104[2–5] (Mo.1959). It is plaintiff's position, observable to defendant, which if unchanged is reasonably certain to result in injury to plaintiff, not a mere possibility contingent on some other occurrence. A likelihood or bare possibility of injury is not sufficient to create immediate danger. *Yarrington*, supra, at [8–10]. As a general rule the place and time where one comes into a position of immediate danger is for the jury to determine. *Dillon*, supra. The burden is on plaintiff, and a humanitarian case which leaves one or more of its essential elements to guesswork, speculation or conjecture is not for the jury. *Finch v. Kegevic*, 486 S.W.2d 515[1–4] (Mo.App.1972).

In our case, the element of the position of immediate danger is left to such speculation. The fact of collision is enough to supply the essential element that plaintiff did at some time come into a position of immediate danger. But it was her burden to present substantial evidence not only as to where she and defendant were when that moment of danger arose, but further that thereafter defendant could by due care have avoided the collision. In other words, the evidence must have shown the relative positions when, and relative movements after, plaintiff came into a position of immediate danger. The evidence did not so show, and we hold plaintiff's humanitarian verdict director was not supported by the evidence.

The trial court properly granted defendant a new trial.

SMITH and McMILLIAN, JJ., concur.