Loretta Lydia **ROSE**, formerly known as Loretta Lydia Grote, Petitioner-Appellant,

v.

Donald E. **GROTE**, Respondent.

No. 40112.

Missouri Court of Appeals, St. Louis District, Division Three.

Dec. 27, 1978.

---

Ray A. Gerritzen, St. Louis, for petitioner-appellant.

Kent Karohl, St. Louis, for respondent.

CLEMENS, Judge.

Petitioner, former wife of respondent, from whom she was divorced in 1970, has appealed from the partial granting of her motion to modify wherein her monthly alimony was increased from $250 to $325, which she contends is inadequate.

We have fully considered the parties' evidence of their relative incomes and ex-

penses since the 1970 divorce; reciting the details thereof would have no precedential value. The net result is that there is not enough income to meet the needs or desires of both parties.

As we ruled in petitioner's cited case of *Harriman v. Harriman*, 281 S.W.2d 566[2] (Mo.App.1955): "The amount properly allowable is deemed a matter of discretion for the trial judge to such an extent that his decision will not be disturbed unless the amount awarded is so excessive or inadequate as to appear to be an abuse of judicial discretion." In *Kasper v. Helfrich*, 421 S.W.2d 66[1–5] (Mo.App.1967), we held judicial discretion is abused only when the trial court's ruling "is so arbitrary and unreasonable as to show a lack of careful consideration and shock the sense of justice," and "if reasonable men can differ about the propriety of the action taken by the trial court, then the trial court did not abuse its discretion."

Viewed in the light of these principles, the trial court did not err.

Judgment affirmed.

REINHARD, P. J., and GUNN, J., concur.