**CLAUDE T., Respondent,**

v.

**CLAIRE T., Appellant.**

No. 39328.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 6, 1979.

Motions for Rehearing or Transfer
Denied March 16, 1979.

Cupples, Cooper & Haller, Inc., Irving L. Cooper and Barbara W. Wallace, Clayton, for appellant.

Joseph Howlett, Clayton, for respondent.

CLEMENS, Judge.

The trial court denied defendant-wife's motion to modify a divorce decree to provide maintenance for a child born to her seven months after divorce. The trial court held defendant had failed to prove plaintiff was the father. Defendant-wife has appealed.

The evidence: Claude and Claire were married in June 1969 and separated in January 1972; they were divorced in August 1972. The child whose paternity is in issue was born March 6, 1973. Thus, the child was conceived after the parties had separated, but before they were divorced. Defendant denied—and plaintiff asserted—that after they separated they continued having sexual intercourse at frequent intervals from January 1972 to early 1974. Defendant denied that during their marriage she had intercourse with anyone other than plaintiff. On direct examination plaintiff admitted he furnished hospital and medical insurance coverage for the child's birth and made one hospital visit, but denied providing anything for the child's support. And, plaintiff testified he last had sexual intercourse with defendant in mid-1971, almost two years before the child's birth.

Defendant's physician testified defendant was twelve to fourteen weeks pregnant on August 18, 1972 and delivered the child March 6, 1973, after a pregnancy of about 280 days. Laboratory blood tests indicate plaintiff could be the biological father.

Over objection plaintiff introduced evidence of defendant's adultery. His witness, Thomas Hamner, testified he met defendant in a cocktail lounge, drove her home, and thereafter had sexual intercourse with her during April and May, 1972, the probable time of the child's conception.

On appeal defendant raises two points—that the evidence is not sufficient to establish illegitimacy, and the court erred in allowing Thomas Hamner to testify.

■ For her first point defendant relies on the presumption of legitimacy of a child conceived during marriage. The presumption is a rule of evidence, overcome by substantial evidence to the contrary. *Simpson v. Blackburn*, 414 S.W.2d 795 [6–8, 9] (Mo.App.1967). Upon presentation of substantial evidence to rebut the presumption of legitimacy, as here, the existence or non-existence of the fact once presumed is determined from the evidence as if no presumption had ever been operative. *In re L———*, 499 S.W.2d 490 [1, 2] (Mo. banc 1973).

We have examined cases cited by defendant and find none holding the evidence here is insufficient to rebut the child's presumed legitimacy. Defendant cites *JD v. MD*, 453 S.W.2d 661 (Mo.App.1970), where there was no evidence of adulterous relations at the time of conception and it was not disputed that defendant-husband was in plaintiff's physical presence during the period of conception. And, where evidence to rebut the presumption of legitimacy rested solely upon the husband's unsupported testimony, the court in *Underwood v. Underwood*, 399 S.W.2d 635 [2, 3] (Mo.App.1966), held it was insufficient in view of the entire record and the immoral activity of both parties. Reversible error was found in the case of *In re KWH*, 477 S.W.2d 433 [1, 2] (Mo.App.1972), where the evidence showed the mother had sex with two men during the period of conception. The cited cases are distinguishable.

■ Where, as here, there is an irreconcilable conflict in the evidence on an essential fact issue, necessarily depending on the credibility of witnesses, deference to the trial court's conclusions is appropriate. *In re L———*, *supra*. The trial court heard testimony not only of the plaintiff's denial of intercourse after the parties separated, but also of an adulterous relationship at the time of conception. Because the trial court is best able to judge credibility and to determine whether plaintiff presented sufficient evidence to rebut the presumption of legitimacy, we uphold the trial court's finding of plaintiff's non-paternity.

■ For defendant's second point, we must determine whether plaintiff's witness Thomas Hamner should have been allowed

to testify. Plaintiff had failed to disclose Hamner's name in answering defendant's interrogatory as required by the continuing duty doctrine. *Laws v. City of Wellston*, 435 S.W.2d 370 [2, 3] (Mo.1968), and Rule 56.01(e)(2). The trial court, however, allowed the challenged testimony only after defense counsel had deposed the witness and the case had been reset, a period of twenty-nine days. Defendant objected, claiming prejudice resulted by having prolonged the trial.

The trial court has wide discretion when ruling on objections to interrogatories. *State ex rel. Norfolk and Western Railway Company v. Dowd*, 448 S.W.2d 1 [4] (Mo. banc 1969). Defendant has not shown how her cause was prejudiced and finding no abuse of discretion, we deny defendant's second point.

Judgment affirmed.

REINHARD, P. J., and GUNN, J., concur.