Marla **GASSIRARO** et al., Appellants,

v.

Phillip **MERLO**, Respondent.

No. 41160.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 16, 1979.

Frank N. Carter, Jr., St. Louis, for appellants.

Henry D. Menghini, St. Louis, for respondent.

REINHARD, Presiding Justice.

Plaintiffs appeal from an order of the trial court directing a verdict for defendant in their wrongful death case. The plaintiffs are the wife and minor children of the decedent. Decedent stepped from the side of the street directly in front of defendant's automobile. At the end of plaintiffs' case, the court sustained defendant's motion for a directed verdict.

■ On appeal plaintiffs present one claim: the trial court erred in directing a verdict in this humanitarian doctrine case because "reasonable men could differ as to whether defendant had the present ability with the means at hand to have averted the impending injury to plaintiffs' decedent without injury to himself or others. . . ." We must consider the evidence in the light most favorable to plaintiffs according them the benefit of all supporting inferences deducible from the evidence. *Dillon v. Hogue*, 381 S.W.2d 599, 600 (Mo.App.1964).

While attempting to cross Marconi Street in the City of St. Louis, plaintiffs' decedent was struck by defendant's automobile. Fourteen days later, he died from injuries sustained in this accident. Marconi Street runs north and south and dead-ends to the north at Highway 44. The accident occurred in the middle of the block which dead-ends; the block is a short one, approximately 240 feet long. In this block of Marconi, there are two lanes for travel with two more lanes for parking, one on each side of the street. However, when vehicles are parked on both sides of the street, there is little room for two cars traveling in opposite directions to pass. At the time of the accident, cars were parked on both sides of the street. No street lights stood in the middle of the block and the parked cars cast shadows in the street. A steady rain was falling and had been for a time prior to the accident.

Sometime after 11:00 p. m., defendant drove a 1971 Chevrolet Impala north on Marconi Street with two passengers. Defendant brought his vehicle to a complete stop at Shaw, the last intersecting street south of the point of impact. He proceeded northward. Plaintiffs' decedent stepped out onto Marconi Street from in front of a pickup truck, which was parked on the east side of the street, and walked in a westwardly direction. The parked pickup truck had a high back and tool cabinets on both sides, which obstructed northward visibility. According to defendant, he first saw plaintiffs' decedent when he was one or two steps west of the pickup truck. Defendant stated that plaintiffs' decedent "couldn't have been more than ten feet, between five and ten feet" from the front of defendant's car. Defendant testified that upon seeing plaintiffs' decedent: "I immediately hit my brakes. . . . [I]t [the car] began to stop but I can't be sure whether it was stopped before it hit him or right after." Further defendant testified that his car slid but that he couldn't tell if it slid before or after it hit plaintiffs' decedent. He said it happened so fast, "it was like in a split second he was at the front of my car." He stated he neither swerved nor sounded his horn because he did not have time. There was damage to defendant's right parking light. Defendant was driving twenty to twenty-five miles per hour in a twenty-five miles per hour zone.

The passenger in the front seat was looking to the rear of the car and did not see the plaintiffs' decedent. The passenger in

the back seat testified substantially to the same facts as the defendant.

The elements in such a humanitarian case are: (1) plaintiffs' decedent was in a position of immediate danger; (2) defendant had actual or constructive notice thereof; (3) defendant, after receiving such notice, had the means at hand to have averted the impending injury without injury to himself or others; (4) defendant failed to exercise due care to avert the impending injury; and (5) by reason thereof, plaintiffs' decedent was killed. *Epple v. Western Auto Supply Co.*, 548 S.W.2d 535, 540 (Mo.1977). Each element must be supported by substantial evidence of probative value or by inferences reasonably deducible therefrom. *Vietmeier v. Voss*, 246 S.W.2d 785, 787 (Mo. 1952).

On appeal, plaintiffs do not claim that defendant had the ability to stop, but contend the evidence shows that he should have been able to swerve. They claim defendant's testimony: "I immediately hit my brakes. . . . [I]t [the car] began to stop, but I can't be sure whether it was stopped before it hit him or right after." sufficiently shows that defendant was able to apply his brakes before he struck plaintiffs' decedent. Therefore, argue plaintiffs, if defendant could apply his brakes, he could have swerved to the left. We believe the plaintiffs have misinterpreted defendant's testimony. They have overlooked the responses to the questions which followed the above testimony. Defendant said his car slid but he could not tell if that was before or after he hit plaintiffs' decedent. We interpret defendant's response to be that he could not tell whether his brakes took effect before or after contact with plaintiffs' decedent.

In any event, the record fails to support plaintiffs' contention. The plaintiffs' decedent was in a position of immediate danger when he appeared from behind the parked pickup and moved forward. At that time, defendant was ten feet from plaintiffs' decedent and was traveling at approximately 20 to 25 miles per hour. Courts can take judicial notice of the normal reaction time, this being three-quarters of a second, *Vietmeier v. Voss, supra.* At twenty miles per hour, a car travels twenty-nine and one-third feet per second. Therefore, under this evidence the vehicle would have traveled twenty-two feet (distance traveled in three-quarters of a second) before defendant could have reacted, let alone avoided the accident by swerving or stopping.

At best, defendant's testimony to the effect that he was not sure if his brakes grabbed before, at the time, or after he struck plaintiffs' decedent would indicate that he was traveling slower than twenty miles per hour or first saw defendant at a distance greater than ten feet. This does not provide substantial evidence that the defendant could have swerved and avoided the accident. Assuming this testimony is sufficient for a jury to find that defendant was able to react prior to the impact, we believe that it would require guesswork and speculation for them to find that defendant would have been able to avoid the accident by swerving to the left. A possibility that defendant might have avoided the accident is not sufficient under the humanitarian doctrine to make a submissible case. *Kirks v. Waller*, 341 S.W.2d 860, 865 (Mo.1961). The burden was on the plaintiffs and where, as here, they leave one or more of the essential elements in a humanitarian case to guesswork, speculation or conjecture, the case is not for a jury. *Corbett v. Snitzer*, 558 S.W.2d 392, 394 (Mo.App.1977).

Judgment of the trial court affirmed.

GUNN and CRIST, JJ., concur.