Rose M. KUHLMANN, Russell Remstedt and Angeline Remstedt, Appellants,

v.

Boyce RUSH, Respondent.

No. 41347.

Missouri Court of Appeals, Eastern District, Division Three.

July 8, 1980.

W. Scott Pollard, Florissant, for appellants.

Sanford Goffstein, Clayton, for respondent.

CRIST, Judge.

Plaintiff appeals from a jury verdict for the defendant in a personal injury case. Plaintiff claims that an instruction on contributory negligence for allegedly failing to keep a careful lookout was erroneously given. We hold that the trial court committed reversible error by giving the contributory negligence instruction.

Plaintiff Rose Kuhlmann was a minor at the time of the accident. Russell Remstedt and Angeline Remstedt are party plaintiffs as parents of Rose Kuhlmann.

Defendant is entitled to have all the evidence considered in the light most favorable to him, giving defendant the benefit of any favorable inferences, and disregarding plaintiffs' evidence unless it tends to support the lookout instruction. *Williamson v. Epperson*, 529 S.W.2d 25, 30 (Mo. App.1975). However, a lookout instruction cannot be submitted to the jury unless there is substantial evidence establishing that had plaintiff kept a careful lookout, she would have had time to prevent the accident. *Williams v. M. C. Slater, Inc.*, 590 S.W.2d 357, 358 & 359 (Mo.App.1979). Substantial evidence of plaintiff Kuhlmann's ability to prevent the head-on collision at any point in time is lacking in this case.

Plaintiff testified that she was driving after dark at about 30–35 m. p. h. on the inside southbound lane of Broadway. (Defendant testified that plaintiff was driving on the outside southbound lane of Broadway.) Defendant was driving on the inside southbound lane at about the same speed, but at a distance of approximately 3 car lengths behind. A third car, also traveling at about 30 35 m. p. h. and approaching plaintiff on the inside northbound lane of Broadway suddenly crossed over the center line into plaintiff's lane hitting plaintiff head-on. Two or three seconds later, plaintiff was hit in the back by defendant's car.

Before the head-on collision, plaintiff noticed a group of cars approaching on the inside northbound lane, but she did not see the third car cross over into her lane. She saw the headlights in her lane when the third car was only 2 car lengths in front of her. The outside southbound lane was free of traffic, but plaintiff did not have time to swerve.

Plaintiff's passenger testified that the third car came out of "nowhere." Defendant did not see the car cross over either. All witnesses corroborated the fact that the third car appeared in the wrong lane suddenly and without warning. There is no evidence that plaintiff could have taken any preventive action. It was error to submit the lookout instruction to the jury. *Hawkins v. Whittenberg*, 587 S.W.2d 358, 361 (Mo.App.1979); *Butler v. Hicks*, 554

S.W.2d 449, 451 (Mo.App.1977); See *Bolhofner v. Jones*, 482 S.W.2d 80, 82 & 83 (Mo. App.1972).

■ Defendant contends that even if the lookout instruction was erroneously given, it is immaterial because plaintiffs failed to establish a submissible case under the theories of either following too closely or failing to swerve after danger of a collision becomes apparent. Viewing the evidence and all reasonable inferences in a light most favorable to plaintiffs, we disagree. *Wissman v. Wissman*, 575 S.W.2d 239, 240 (Mo. App.1978). Russell Remstedt testified that when he arrived at the scene of the accident, the van driven by plaintiff was completely in the inside or center southbound lane. This corroborates plaintiff Kuhlmann's testimony that she was driving on the inside lane just before the collision. Defendant, by his own testimony, was traveling on the same inside lane. The evidence was sufficient to submit to the jury the issue of whether or not defendant was following too closely. See *Sundermeyer v. Lentz*, 386 S.W.2d 16, 20 & 22 (Mo.1964). Upon retrial of this case, plaintiffs should refer to *Notes on Use* under MAI 17.09 before resubmitting this issue to the jury.

■ The instruction on defendant's failure to swerve was also supported by substantial evidence. Defendant started braking when he saw headlights in the wrong lane. He was able to stop, or almost stop his car before colliding with plaintiff's car. The right-hand southbound lane was free of traffic and defendant's car was in good operative condition. The jury could reasonably infer that if the defendant had time to brake, he also had time and the ability to swerve into the right-hand lane to avoid hitting plaintiff. *Richardson v. Wendel*, 401 S.W.2d 455, 458 (Mo.1966).

Reversed and remanded for a new trial.

DOWD, P. J., and REINHARD, J., concur.