Brenda Kathleen McCREARY, Appellant,

v.

Timothy Alan CONROY, Respondent.

No. 42357.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 18, 1980.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Jan. 16, 1981.

Melvin D. Benitz, St. Charles, for appellant.

Sanford Goffstein, Clayton, for respondent.

CRIST, Presiding Judge.

Plaintiff appeals from a jury verdict for the defendant in a personal injury case arising from an automobile collision. Plaintiff claims an instruction on contributory negligence for alleged failure to stop, swerve or sound a warning was erroneously given by reason of insufficient supportive evidence. We disagree and affirm.

Defendant is entitled to have all evidence considered in the light most favorable to him giving defendant the benefit of any favorable inferences, and disregarding plaintiff's evidence unless it tends to support the contributory negligence instruction. *Williamson v. Epperson*, 529 S.W.2d 25, 30 (Mo.App.1975); *Kuhlmann v. Rush*, 603 S.W.2d 54, 55 (Mo.App.1980). However, an instruction on contributory negligence cannot be submitted to the jury unless

there is substantial evidence establishing that, had plaintiff stopped, swerved or sounded a warning, she would have had time to prevent the accident. *Saupe v. Kertz*, 523 S.W.2d 826, 830 (Mo.banc 1975). Substantial evidence of plaintiff's ability to prevent the collision is present in this case.

Defendant testified he was traveling as far to the right of the road as possible and on his side. He further testified he was traveling at 15 m. p. h. and had no time to brake or swerve.

Plaintiff testified she saw defendant's car 30–40 feet east of the crest of the hill while traveling at a speed of 10–20 m. p. h. The state highway patrolman testified that measurements taken at the scene of the accident indicated impact occurred 53 feet west of the crest of the hill. The total distance from plaintiff's first observation of defendant and impact was 83–93 feet.

Plaintiff testified she was traveling on her half of the road, the surface of the road was dry, and the road was sufficiently wide to leave one to two feet between two passing cars. On cross-examination, plaintiff stated that she could have stopped her car in five feet and that she sounded no warning even though she had somewhere between two seconds and one minute in which to warn. The state highway patrolman testified there was a two feet ditch on the north side of the road into which plaintiff could have safely moved.

■ Viewing all the evidence and reasonable inferences therefrom in the light most favorable to defendants, an instruction on contributory negligence was proper. Substantial evidence must support each element of a disjunctive contributory negligence instruction or the submission is rendered erroneous. *Saupe v. Kertz*, 523 S.W.2d 826, 830 (Mo.banc 1965). On the submission of the instruction on contributory negligence for failure to avoid the collision by stopping, swerving or sounding warning, the evidence must show that plaintiff had the means to avoid the collision by doing each act described. The evidence must show sufficient time and distance, considering the movement and speeds of the vehicles, to enable plaintiff to take effective action to avoid the collision.

■ Plaintiff had ample opportunity to stop and thereby avoid the collision. Defendant testified he was on his half of the road at collision. Her testimony is that she could have stopped her vehicle in five feet. An automobile traveling at 20 m. p. h., including reaction time, can be stopped in less than 50 feet. *Losh v. Benton*, 382 S.W.2d 617, 619 (Mo.1964). Plaintiff's testimony that her speed was 10–20 m. p. h. and the pavement was dry is sufficient to support a finding that she could have stopped within the 83–93 feet between her first observation of defendant and impact and thereby avoid the collision. See, *Long v. REA Express Co.*, 573 S.W.2d 62, 64–66 (Mo.App.1978).

■ Where plaintiff had ample time and distance in which to stop her vehicle she had sufficient time and distance to swerve. *Kuhlmann v. Rush, supra; Richardson v. Wendel*, 401 S.W.2d 455, 458 (Mo.1966). The driver's side of plaintiff's vehicle was about one-half foot to one foot from the north portion of the highway and she had another one to two feet of sloping ditch into which she could have safely moved. This two to four feet was sufficient space for plaintiff to have safely swerved to the right and avoided the accident. See, *Losh v. Benton*, 382 S.W.2d 617, 619 (Mo.1964).

■ Plaintiff testified she was on her half of the road at collision, and she had between two seconds and one minute from her first observation of defendant to impact. She did not sound a warning. Reaction time is judicially noticed at three fourths of a second unless the evidence shows a longer time. *Reed v. Burks*, 393 S.W.2d 377 (Mo.App.1965). Where a vehicle could be stopped or swerved, a warning could have been given in an even shorter distance. *Losh v. Benton, supra* at 619; *Hildreth v. Key*, 341 S.W.2d 601, 607 (Mo. App.1960). This is substantial evidence of plaintiff's failure to sound a warning where she had sufficient time and distance thereby to avoid the accident. See, *Moore v. Parks*, 458 S.W.2d 344, 350 (Mo.1970).

The jury could have reasonably inferred that plaintiff's failure to stop, swerve or sound a warning contributed to the accident where plaintiff had sufficient time and distance to take effective action. *Saupe v. Kertz, supra* at 830; *Cook v. Cox*, 478 S.W.2d 678, 680 (Mo.1972).

Judgment affirmed.

REINHARD and SNYDER, JJ., concur.