Golda MEYERS, Plaintiff-Respondent,

v.

CITY OF LOUISIANA and Steve Condon, Defendants-Appellants.

No. 44271.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 8, 1982.

Motion for Rehearing and/or Transfer
Denied July 16, 1982.

Application to Transfer Denied
Sept. 13, 1982.

Peter J. Grewach, Troy, for defendants-appellants.

E. Rex Bradley, Louisiana, for plaintiff-respondent.

SNYDER, Judge.

This is an appeal from a judgment in a civil action for damages arising from an accident in which appellant city's police car struck respondent, a pedestrian. The jury rendered a verdict in favor of respondent in the amount of $20,000.

Appellant's only point is that respondent failed to make a submissible case under the humanitarian doctrine. Specifically appellants claim respondent failed to prove that Steve Condon, the police officer and driver of the car, could have avoided the accident by either swerving or slackening his speed. The judgment is reversed.

Respondent, a 70 year old woman, operated a tavern at the southwest corner of Georgia and Main Streets in Louisiana, Missouri. She was struck and injured by the police car as she was crossing Main Street in front of her tavern.

At 1:00 a. m., closing time, on August 7, 1979 respondent went out the east door of her tavern to let her dog go "potty". It was a clear, dry night. The intersection of Georgia and Main Streets was well lit. There was one car parked on each side of Main Street. Georgia Street runs east and west and Main Street runs north and south. Main Street had four lanes, one for parking and one for driving in each direction.

Respondent watched her dog run across Main Street. She then started to cross Main Street from west to east. When she was in the southbound lane, she saw lights to her left. She then started to run. The police car driven by Officer Condon then hit respondent and threw her into the air. Officer Condon had been driving east on Georgia Street and struck respondent after he turned right or south onto Main Street.

After hitting respondent, Officer Condon stopped the car with the engine directly over respondent's head. The police car at this time straddled the center line of Main Street. After backing the car, Officer Condon helped respondent into the tavern.

Police officers later found a spot of blood an inch east of the center line of Main Street at a point where the jury could have reasonably inferred that respondent hit the pavement. The spot was 30–35 feet south of the south curb line of Georgia Street. A dent was found within two or three inches of the center of the front of the police car.

There was a bank on the northwest corner of the intersection and several witness-

es testified that Officer Condon told them he was looking at the bank as he turned right onto Main Street from Georgia Street and did not see respondent until just before he hit her. He then applied his brakes but was unable to stop in time. Respondent presented no evidence on the speed of the car.

Appellant presented no evidence.

■ In order to establish a submissible case under the humanitarian doctrine, a party must establish that: 1) plaintiff was in a position of immediate danger; 2) defendant knew or should have known of plaintiff's position of peril; 3) defendant, after receiving such notice, had the present ability to have averted the impending injury without harming himself or others; 4) defendant failed to exercise the requisite care to avert injury; and 5) damage to plaintiff resulted. *Banks v. Morris & Co.*, 302 Mo. 254, 257 S.W. 482, 484[2] (banc 1924); *Stephens v. Thompson*, 293 S.W.2d 392, 393 (Mo.1956).

■ In determining whether respondent made a submissible case, this court must consider the evidence in the light most favorable to respondent and give the respondent the benefit of all favorable inferences that reasonably may be drawn from the evidence. *Epple v. Western Auto Supply Company*, 548 S.W.2d 535, 538[1, 2] (Mo. banc 1977); *Corbett v. Snitzer*, 558 S.W.2d 392, 393[1] (Mo.App.1977). The evidence and inferences, however, must establish every element and must not leave any issue to speculation. *Haley v. Moore*, 419 S.W.2d 512, 516[3] (Mo.App.1967).

■ Appellants argue that respondent failed to prove that Officer Condon, at the point that he saw or should have seen respondent, had the ability to avert the accident. This court agrees. The evidence that Officer Condon could have avoided the accident if he had slowed down or swerved is inadequate. Officer Condon did not testify.

The only evidence adduced was that Officer Condon was able to stop the car in the distance between the car's position when Officer Condon first saw respondent and the point where respondent came to rest under the car. However respondent presented no evidence upon which the jury or this court could determine where the point of impact occurred or the location of the automobile when Officer Condon first should have seen respondent. There was no evidence of the automobile's speed. Respondent therefore left the jury and this court to speculate on the distance Officer Condon needed to stop the car or even to slow the car down sufficiently to let respondent pass safely.

Respondent argues that she made a sufficient "almost escaping" case. The "almost escaping" theory is that the plaintiff needed only a second to escape his peril and that if defendant had taken even the slightest action the accident would have been avoided. *Epple supra* at 542 [11, 12]; *Wiseman v. Missouri Pacific Railroad Company*, 575 S.W.2d 742, 749 (Mo.App.1978).

■ Even in an "almost escaping" case, however, the plaintiff must show that the defendant had the opportunity, once he was on notice of plaintiff's position of peril, to slacken his speed or swerve. *Epple supra* at 542 [11, 12]; *Thomas v. Aines Farm Dairy*, 257 S.W.2d 228, 235 [12–14] (Mo.App.1953). Respondent presented no evidence to establish this contention.

Respondent established only that Officer Condon turned the corner at an undetermined speed and stopped within 35 feet, assuming the blood spot was from respondent's head and was located at the point where she came to rest. There was no evidence of Officer Condon's speed at any time from which the jury could infer an ability to stop sooner or swerve and avoid the accident. There was no evidence of the position of the police car or the respondent at the time Officer Condon first saw respondent. Respondent presented no evidence to establish just how much time and distance Officer Condon had to react in and whether he reasonably could have reacted in that time and distance. There was no evidence of the car's speed. Respondent therefore failed to make a submissible case.

The question then arises whether the cause should be remanded. This court's first inclination was to do so, but the ruling Missouri Supreme Court cases say not. The reasoning in *Smith v. St. Louis Public Service Co.*, 364 Mo. 104, 259 S.W.2d 692 (1953) is particularly applicable to the case under consideration.

■ The facts of respondent's case were fully developed. Counsel chose to submit on the humanitarian doctrine, apparently for strategic purposes. Appellant abandoned her pleaded allegations of specific negligence. " ' * * * it is obvious a party should not always be granted a remanding of a cause for successive trials in order that he may experiment with different theories of his adversary's liability. The latter has some rights' ". *Smith v. St. Louis Public Service Co., supra* at 696[3], *quoting Borrson v. Missouri—Kansas—Texas R. Co.*, 351 Mo. 229, 172 S.W.2d 835, 850 (1943).

The judgment is reversed.

REINHARD, P. J., and CRIST, J., concur.