Herbert H. COFFMAN, et al.,
Appellants,

v.

Gail R. BRASHEAR, Respondents.

No. 47311.

Missouri Court of Appeals,
Eastern District,
Division Six.

June 26, 1984.

---

1. All statutory references are to RSMo. 1978 unless otherwise indicated.

Alfred J. Rathert, Fenton, for appellants.

Ben Ely, Jr., St. Louis, for respondents.

CLEMENS, Senior Judge.

Action for wrongful death of pedestrain Mary L. Coffman by her widower and children. Defendant Gail R. Brashear's car hit and killed decedent. On plaintiffs' humanitarian negligence submission the jury found for defendant driver. Plaintiffs appeal.

The critical issue is whether plaintiffs made a humanitarian case.

The scene of this action was on two-lane east-west Highway 30 in rural Jefferson County. Just after dark defendant Brashear was driving east at 50 miles an hour. Deceased was walking north across the highway and when struck by defendant's car she had just entered defendant's lane of travel.

The testimony of plaintiffs' two witnesses: First called was post-impact witness Trooper Joseph Crump who was at the darkened scene minutes after the collision. Decedent's body was in the east-bound lane of Highway 30. Defendant's car had multi-beam headlights with a range of 150 feet. Plaintiffs next called Kevin Zimpher, a motorist halted on a cross-road waiting to enter the highway, this so he could drive east behind defendant's car. She was then going about 50 miles an hour in her own right-hand lane about 25 yards to Zimpher's left. Zimpher then looked right and saw decedent walking north into the highway. Defendant's car was then about 100 feet away from the victim.

As said, the issue is whether plaintiffs made a submissible case.

■ *Martin v. Sherrell*, 418 S.W.2d 209[1, 2] (Mo.App.1967) holds that in a humanitarian case plaintiff must establish every element by probative evidence or by deductible inference; recovery may not rest on speculation as to defendant's ability to have avoided the collision; a mere possibility defendant might have done so is not enough to make a humanitarian case. See also *Gassiraro v. Merlo*, 589 S.W.2d 632[4, 5] (Mo.App.1979).

■ Here it was plaintiffs' evidence that defendant was driving on the highway at 50 miles an hour. By this evidence decedent came into peril when defendant's car was 100 feet away from deceased when she stepped into the highway. A car moving at one mile an hour covers 1.5 feet a second. As here, at 50 miles an hour defendant was moving 75 feet a second. We take judicial notice that a driver's normal reaction time is ¾th of a second. *Gassiraro v. Merlo*, supra.

So, at 50 miles an hour, in ¾th second defendant's car would have gone 56 feet before she had to react. This would have left her only the remaining 44 feet (hardly more than half a second) in which to have avoided the collision by swerving or stop-

ping. There was no trial evidence defendant could have done so within that 44 feet distance. So, plaintiffs have left to conjecture the essential element of her ability to avoid the collision. Even had the jury found for plaintiffs the verdict would have rested on speculation.

See *Kirks v. Waller*, 341 S.W.2d 860[4–6] (Mo.1961), a pedestrian's suit for injuries when struck by defendant's truck. Verdict was for defendant. The court held plaintiff failed to make a humanitarian case by not showing defendant could have timely swerved or warned of his approach when plaintiff ran out into the path of defendant's truck. This, the court concluded, because defendant had only a second to act after plaintiff's peril became discoverable.

Here the evidence was that after defendant's allowable reaction time she had hardly more than half a second to avoid striking decedent. Consequently plaintiffs did not make a humanitarian case and the trial court would have been justified in directing a verdict for defendant.

Affirmed.

DOWD, C.J., and PUDLOWSKI, J., concur.