Charles Henry FISHER and Rosalie E. Fisher, Respondents,

v.

NORTHMOOR UNITED METHODIST CHURCH, Appellant.

No. WD 34764.

Missouri Court of Appeals, Western District.

July 31, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Oct. 2, 1984.

Application to Transfer Denied Nov. 20, 1984.

Hollis H. Hanover, Popham, Conway, Sweeny, Fremont & Bundschu, P.C., Kansas City, for appellant.

Daniel M. Czamanske, Riverside, for respondents.

Before TURNAGE, C.J., and DIXON and CLARK, JJ.

CLARK, Judge.

In a damage suit for personal injuries sustained by Charles Fisher, respondents

had verdicts from the jury and defendant below appeals. The issue is whether respondents made a submissible case by presenting evidence from which the jury could find superior knowledge by appellant of a dangerous condition on the premises where the accident occurred. Reversed.

Respondent Charles Fisher, a member of the congregation of the Northmoor Church, responded to a request by the church pastor for volunteers to aid in repair of the church bell tower. The project entailed removing and replacing wood panels on the facade. Use of an extension ladder, donated for the work by a member of the volunteer crew, was made to reach the area for repair. On the morning of the accident, Fisher helped the other workers extend the ladder and lean it against the side of the building. Later in the day, the ladder fell striking Fisher who was standing with a group of the workers discussing the project of trimming the replacement boards. At the time the ladder fell, none of the men were on or near it. The plaintiffs' case was brought and tried on the theory that the church was negligent in permitting the ladder to be used without tying it to the building and that the church should have warned Fisher of the dangerous condition presented by the unsecured ladder.

■ Respondents submitted their case under MAI 22.03 modified which, in turn, postulated liability on the duty of a possessor of land described in Restatement (Second) of Torts §§ 343 and 343A(1). The elements of the cause of action prerequisite to liability are: (a) a dangerous condition or activity on the land which creates an unreasonable risk of harm to an invitee, (b) knowledge, either actual or implied, by the possessor of the land that the dangerous condition or activity exists, and (c) ignorance by the invitee of the dangerous condition or activity. The basis for the possessor's liability is his superior knowledge of the dangerous condition which results in injury to the invitee. If the dangerous condition is obvious and known by the invitee or is discoverable by the exercise of ordinary care by the invitee, actionable negligence is not established and the invitee is not entitled to recover. *Hokanson v.*

*Joplin Rendering Company, Inc.,* 509 S.W.2d 107, 110 (Mo.1974).

■ The possessor of land is not an insurer of the safety of invitees. Where the dangerous condition which produced the injury is so open and obvious that it is or should be as apparent to the invitee as it is to the possessor of the land, there is no duty to warn and the possessor of the land is not liable for injuries which result from an open and obvious condition. *Moran v. Hartenbach,* 423 S.W.2d 53, 56 (Mo.App. 1967).

■ Giving respondents the benefit of all favorable evidence and inferences, *Grube v. Associated Dry Goods, Inc.,* 663 S.W.2d 310 (Mo.App.1983), the record fails to reveal any evidence from which the jury could have found the second element of plaintiffs' verdict directing instruction, to-wit:

" * * * plaintiff Charles Fisher did not know at the time of the occurrence and by using ordinary care could not have known of this condition * * * " (the unsecured ladder on the bell tower of the church).

To the contrary, the evidence was that Fisher himself assisted in setting up the ladder sometime after 9:00 a.m. when it was placed against the west side of the bell tower. The ladder fell from that position sometime later that same morning. The ladder was not tied to the building or secured in any other way and Fisher knew it was not tied. No activity by any of the workmen caused the ladder to fall. At most, there was speculative evidence that a gust of wind may have been responsible for dislodging the ladder. It was agreed that the ladder could have been tied and if that precaution had been taken, it was unlikely that it would have fallen. The dangerous condition on the premises was the extended ladder leaned against the building without a restraint to prevent it from toppling to one side or another.

There was no evidence that Fisher did not know of the dangerous condition presented by the untied ladder. Instead, the evidence was that Fisher had actual knowledge of the condition because he had

assisted in placing the ladder against the bell tower. Assuming for purposes of the point, however, that Fisher had no actual knowledge of the condition of the ladder later during the morning of the accident, knowledge was available to be acquired. The fact that the ladder was unsecured and, hence, capable if dislodgement by any of a variety of forces was open, obvious and ascertainable by the most casual observation. The reasonable expectation was that invitees on the premises would discover that which was apparent and obvious to those who exercised ordinary care as to their surroundings.

The foregoing leads inevitably to the conclusion that appellant as possessor of the land had no knowledge about the condition of the ladder superior to knowledge which respondents had or could have acquired by the exercise of reasonable care. Therefore, appellant had no duty to warn and was not chargeable with negligence because of a failure to warn. This essential ingredient of respondents' case was lacking and was fatal to their cause of action.

The judgment is reversed.

All concur.