**In re the Marriage of Barbara Jean HIGHTOWER, Appellant,**

v.

**Robert Lee HIGHTOWER, Respondent.**

No. KCD 30237.

Missouri Court of Appeals,
Western District.

Oct. 29, 1979.

. Robert C. Paden, Michael W. Manners, Paden, Welch, Martin, Albano & Graeff, P. C., Independence, for appellant.

James S. Cottingham, Michael A. LeVota, Campbell, Gilmore, Erickson, Cottingham, Morgan & Gibson, Independence, for respondent.

Before HIGGINS, Special Judge, Presiding, WELBORN, Special Judge, and SWOFFORD, C. J.

SWOFFORD, Judge.

The appellant filed her petition for dissolution of marriage wherein she sought division of marital property, custody of the three children born of the marriage, child support, maintenance and attorney's fees. The respondent conceded that the marriage was irretrievably broken and the case went to trial, as a result of which the court below entered its decree dissolving the marriage, divided the marital property, awarded custody of the minor children to the appellant and child support of $150.00 per month per child for the two younger children. No maintenance or attorney's fees were awarded to either party. The decree awarded the family residence, all household goods and furniture, and a 1975 Gremlin automobile to the appellant. A 1973 Pontiac automobile was awarded to respondent. The court thereafter granted a new trial to the re-

spondent and this appeal followed. Since the only points raised in this appeal are procedural in nature, it is unnecessary to consider the details of the decree in the light of the evidence but rather, the complicated and somewhat unusual procedural history of this litigation must be given careful scrutiny.

This action was filed on February 2, 1978, and the trial was had on May 8, 1978, and on that same day the court entered its decree as aforesaid.

On May 11, 1978, the respondent filed his motion for a new trial and the record discloses that on the same day notice was served upon counsel for appellant that this motion would be called up for hearing on Monday, May 15, 1978. On that date, May 15, 1978, a hearing before the court was conducted although no evidence was proffered. At this hearing counsel for appellant stated to the court that his office did not receive the notice of hearing of the motion for a new trial on the date shown but on Friday, May 12, 1978, and because of the intervening Saturday and Sunday, the motion did not comply with Rule 44.01(b).

It is important in the determination of this case to note that respondent's motion for a new trial sets forth three grounds for the request, all based upon allegations that the trial court abused its discretion in 1) the division of marital property; 2) award of entire equity in home to appellant; and 3) in ordering the amount of child support.

At the conclusion of the hearing on the motion for a new trial, on May 15, 1978, the trial court stated:

"THE COURT: Well, as counsel stated, it certainly must be fresh in counsel's mind. The Court, as I advised counsel, *has reviewed the transcript*[1] and, in the Court's consideration of the motion, *the ruling at the time of the trial was manifestly unfair to the respondent* and respondent's Motion for a New Trial is on this date, by the Court sustained." (Emphasis added)

---

1. On August 2, 1978, the trial court granted appellant an additional 90 days, to November 14, 1978, to file the Transcript on Appeal and such transcript was filed in this Court on November 13, 1978. It is not clear what the court referred to as "transcript".

On May 15, 1978, the court entered a formal order sustaining the motion for a new trial, without stating therein any reason or grounds for such action.

On May 18, 1978, the appellant filed her Notice of Appeal in the Circuit Court, which was filed in this Court on May 22, 1978 and numbered KCD 30,237, and was an appeal from the order granting a new trial. To further complicate the already confused record, the respondent filed his Notice of Appeal in the court below on July 26, 1978, which was filed in this Court on July 28, 1978 and numbered KCD 30,363, and was an appeal from an order of July 17, 1978 relating to a judgment for child support and attorney's fees (which does not appear in the transcript). On July 31, 1978, this Court ordered the two appeals consolidated. On October 3, 1978, the appeal in case KCD 30,363 was withdrawn so that the briefing and submission here is only in case KCD 30,237 and relates only to the appeal from the order granting respondent a new trial.

Another important factor in the decision of this appeal relates to the following: On November 14, 1978, in response to a motion filed by appellant in this Court requesting that the respondent prepare the original brief under Rule 84.05(b), placing the burden of supporting the trial court's action in granting a new trial upon the respondent without specifying of record the ground or grounds impelling such action, the respondent advised the Court that:

"2. That Respondent has requested from the trial court an order *nunc pro tunc* in which the trial court in this cause will enter a new order which correctly reflects the basis and grounds for granting a new trial, said *nunc pro tunc* order to be based on the actual record of the trial court * * *"

At the direction of this Court, the order *nunc pro tunc* was filed as part of the record herein. It was made by the trial court on November 14, 1978 (six months after the entry of the original decree) and is as follows:

"NUNC PRO TUNC ORDER

IT IS ORDERED AND ADJUDGED by the Court that its order of May 15, 1978, in the above-entitled cause of action, granting a new trial, is hereby set aside and for naught held, *and to conform the order to the record,* in lieu thereof, the following order entered, as follows, to-wit:

'Now on this day, Respondent's Motion for New Trial of this cause heretofore filed herein, is by the Court taken up, considered and sustained on the grounds that the Court's *ruling at the time of trial was manifestly unfair.*'

  s/ William J. Peters

Honorable William J. Peters

Dated this 14 day of November, 1978" (Emphasis added)

Nothing appears in the record before this Court that any notice of or opportunity to be heard on this matter was ever afforded appellant.

The appellant raises two points on appeal, the second of which will be first considered.

Point II is that the court erred in granting the respondent's motion for a new trial on May 15, 1978 because appellant was not accorded adequate notice of the hearing thereon under Rule 44.01(a) and Rule 44.01(d). She asserts that since the motion for a new trial and the notice of hearing thereon were both filed on May 11, 1978, a Thursday, and the hearing was scheduled for May 15, 1978 and was held on that date, that at the most, she was only given *four* days notice, in violation of Rule 44.01(d), which provides for notice "not later than *five* days before the time specified for the hearing * * *" (Emphasis added). Further, appellant relies upon Rule 44.01(a) which provides that where "the period of time prescribed or allowed is less than *seven* days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation". (Emphasis added) Applying that formula and excluding Saturday, May 13, and Sunday, May 14, 1978 from the computation, she was only given two days notice of the hearing. Counsel for appellant did call this fact to the court's atten-

tion at the hearing, but the record does not disclose any "vigorous objection" as the appellant's brief characterizes the colloquy at the hearing as to the notice. In fact, appellant's counsel made an argument on the merits of the motion for new trial and no attempt was made to show how the short notice given herein prejudiced the appellant.

The circumstances under which this motion was presented come within the rule expressed by the court in *Baker v. Baker,* 274 S.W.2d 322, 326, 327[13, 18] (Mo.App. 1954) where the court held that the five-day rule is not "rigid and unyielding" and held that one hour's oral notice under the circumstances of that case was adequate where a trial court modified a divorce decree on its own motion on the 29th day after the entry of the decree. The standard in all cases is a requirement of "reasonable notice", and the court by the specific terms of Rule 44.01(d) is empowered to shorten the five-day minimum time requirement (or extend it) if the exigencies of a case so require, *State ex rel. Gleason v. Rickhoff,* 541 S.W.2d 47, 50[4] (Mo.App.1976).

█ In this record it appears that the respondent's counsel stated and represented to the court that since the entry of the decree of dissolution which set over the family dwelling to the appellant and within the week that had thereafter elapsed the respondent had been "experiencing some difficulty living at the family residence" "in regard to the wife having the husband arrested when he returned to the home". These statements were not challenged at the hearing.

These circumstances justified the trial court's action in proceeding with the hearing and no abuse of discretion nor prejudice appears. Point II is ruled against appellant.

The appellant's Point I on this appeal is that the trial court's action in granting a new trial to respondent was presumptively erroneous because the order granting the

new trial failed to specify the grounds therefor, under Rule 78.03, which provides:

> "Every order allowing a new trial shall specify of record the ground or grounds on which said new trial is granted".[2]

If such Rule is not complied with, it is supplemented by Rule 84.05(b) which provides in part:

> " * * * the presumption shall be that the trial court erroneously granted the motion for new trial and the burden of supporting such action is placed on the respondent. * * *"

In the instant case, the respondent's brief tacitly admits the failure of the trial court's order of May 15, 1978 granting a new trial to comply with Rule 78.03 but asserts that this failure was rectified by the order *nunc pro tunc* of November 14, 1978; that the trial court's judgment in the dissolution matter with reference to division of marital property and child support involved discretion as to facts and was not supported by substantial evidence and was against the weight of the evidence; and, that the *nunc pro tunc* order granting the new trial was granted on discretionary grounds.

The appellant counters this position by arguing that the *nunc pro tunc* order did not correct the error in the original order which violated Rule 78.03 because the error sought to be corrected thereby was judicial rather than clerical and that such *nunc pro tunc* order is defective on its face in that it is insufficiently specific under Rule 78.03.

█ While it is true that a trial court has jurisdiction to correct its order sustaining the motion for a new trial *nunc pro tunc* at a subsequent term or even after appeal, that jurisdiction extends only to the correction of *clerical* and not judicial errors. *Farrell v. DeClue,* 365 S.W.2d 68, 72[2, 3] (Mo. App.1963); *Brock v. Steward,* 519 S.W.2d 365, 368[4] (Mo.App.1975); *Warren v. Drake,* 570 S.W.2d 803, 806[1, 2] (Mo.App. 1978). This consistently followed rule in Missouri is thus stated in *Vaughn v. Kansas*

---

**2.** Rule 78.03 is the last sentence of prior Rule 78.01 which was the same as § 510.330 RSMo 1969 (Laws 1943, p. 353, § 115).

*City Gas Co.,* 236 Mo.App. 669, 159 S.W.2d 690 at l.c. 693[3, 4] (1942):

> "Our courts have frequently held that an order correcting nunc pro tunc a judgment can be made at a subsequent term, but that it must be made upon evidence furnished by the papers and files in the cause, or something of record, or in the clerk's minute book, or on the judge's docket. *That it can only be employed to correct a clerical error or misprision of the clerk* (cases cited)." (Emphasis added)

The theory of this procedural rule is that while a trial court loses jurisdiction *of a case* it does *not* lose jurisdiction *over its own records* and may correct such records to "speak the truth by evidencing an act done or a judgment actually rendered at a prior time but not carried into or faithfully recorded in the record; * * *", *Warren v. Drake,* supra. The cases are uniform that *nunc pro tunc* entries are inappropriate and ineffective "to correct judicial errors, mistakes or oversights, or to create a new record."

The record before this Court is completely devoid of any evidence from the papers and files or in the clerk's minute book or judge's docket which reveals a clerical error which would justify the *nunc pro tunc* order of November 14, 1978 within the above rules, so as to bring the record into compliance with Rule 78.03, supra.

■ However, this matter may not be permitted to rest upon that simple solution in light of the particular facts of this case. The effect of the original order sustaining the motion for a new trial must be determined in light of the fact that it did not specify of record the ground or grounds on which it was granted and accordingly failed to comply with Rule 78.03. The purpose of this rule is clearly to define and limit the issues cognizable on appeal, at least initially, and thus conserve judicial and legal time and promote clarity and establish reasonable limits to the scope of judicial decisions by confining the appeal to specific issues. This purpose is entirely proper and salutary.

■ Where the order sustaining the motion for a new trial fails to comply with Rule 78.03, as in this case, the provisions of Rule 84.05(b) are called into application in that the presumption arises that the new trial was erroneously granted and the burden is placed upon respondent to support such action.

However, the presumption is rebutted where the ground upon which the motion is granted clearly appears from the record. The court in *Ray v. Bartolotta,* 408 S.W.2d 838 (Mo.1966) sustained plaintiff's motion for a new trial and ordered a new trial on the issue of damages alone. In *Ray,* the motion averred two grounds upon which a new trial was sought, namely, that the amount of damages awarded to each of the plaintiffs was inadequate and was against the weight of the evidence. The court held that these two grounds were, in fact, only one point of error. The Supreme Court in discussing the application of Rule 84.05(b) [formerly Rule 83.06(b)] said, l.c. 839[3]:

> " * * * No presumption that the trial court erroneously granted the motion for new trial arises in this case, however, for the reason that under this record the ground on which the new trial was granted sufficiently appears of record."

The court further stated, l.c. 840[3]:

> " * * * The court could have granted a new trial on its own motion and for its own reasons within 30 days after judgment, notwithstanding this motion with stated grounds was pending, 66 C.J.S. New Trial § 115, p. 329, but it did not do so. Instead, it sustained this limited motion based on one and only one ground. *By its very act of sustention the court specified the ground on which it acted.*" (Emphasis added)

■ As previously stated, the respondent's motion for a new trial set forth only three grounds in support thereof. All of these charged the trial court with abuse of discretion with reference to the division of marital property in light of appellant's earning capacity (No. 1); setting the entire equity in the family home over to appellant (No. 2); and, ordering respondent to pay

$300.00 per month child support and thereby failing to consider appellant's earning capacity (No. 3). Thus, the abuse of discretion charged related solely to matters of fact.[3] The areas of division of marital property and support of children are areas of fact peculiarly within the discretion of the trial court in a dissolution of marriage proceeding, *Conrad v. Bowers*, 533 S.W.2d 614, 623[18] (Mo.App.1975).

Under *Ray*, the trial court by its very "sustention" of the motion for a new trial specified that it sustained the motion upon all of the inseparable grounds alleged in the motion.

It is obvious from this record that within a week from the date of the entry of the dissolution of marriage, division of marital property and award of child support decree (while the trial court had complete control over its decree) the trial judge concluded that the discretion granted him in those areas had been improperly exercised. It can further be assumed that the court was aware of the inherent nature of the proceeding decided under the Dissolution of Marriage Act in that proceedings thereunder, "are no less charged with the principles of equity than the old divorce actions", *McCully v. McCully*, 550 S.W.2d 911, 914[4] (Mo.App.1977).

Further, the record before this Court shows that the Court on two occasions indicated in the record its conviction that the original decree was "manifestly unfair to the respondent", once orally at the time the court initially sustained the motion for a new trial, and again in the *nunc pro tunc* order which has been held herein to be an invalid order.

But the respondent urges that these expressions cannot be here considered. It is true that there is a long line of authority which recognizes that the court can speak only by its records which are the evidence of its official acts and that such records are

"the sole repository for the recital of the ground or grounds which prompted the court's action". *Ponyard v. Drexel*, 205 S.W.2d 267, 270[1] (Mo.App.1947), and cases cited therein. However, *Ponyard* carefully and logically delineates an exception to this rule that while oral statements or memorandum of the judge cannot be used to *countervail* or *impeach* what the order of record actually recites (l.c. 270[2]):

"* * * it does not follow that an appellate court is *in all events* precluded from considering such memorandum or *oral statement* in determining precisely *why* the new trial was allowed. On the contrary, the filing of memorandum opinions is invariably encouraged and commended; and where the record entry is ambiguous, uncertain, *or incomplete*, an appellate court may properly look to an accompanying memorandum * * * *or to the contemporaneous oral statement of the judge*, in so far as the same may throw light upon the view the court took of the case during its progress and at the time of its action in granting the new trial. This in accord with the settled principle that *extraneous matters may be considered for the purpose of explaining or supporting a record entry, but not to oppose or contradict it.* (cases cited)" (Emphasis added) l.c. 270[3, 4]

In view of these facts and principles, this Court holds that the grounds upon which the trial court acted in sustaining respondent's motion for a new trial are clear and that court has held that proper discretion was not exercised.

■ This Court on appeal would need strong provocation indeed, to overturn the trial court's conclusion, that it had not exercised proper discretion in the entry of the original decree. A technical and harmless failure to comply with Rule 78.03, as ap-

---

3. The evidence was undisputed that the appellant and respondent each earned about $14,000.00 a year, and all of the marital property, including the entire equity in the family home was initially set over to the appellant, except a five year old automobile which was awarded the respondent. Neither does the record here presented disclose any great disparity on the element of fault of the parties or unusual drains upon their respective incomes.

pears on this record, affords no such provocation.

The judgment below is affirmed.

All concur.