Viola M. GRUBE and William F. Grube, Appellants,

v.

ASSOCIATED DRY GOODS, INC., Respondent.

No. 46476.

Missouri Court of Appeals, Eastern District, Division Three.

Nov. 15, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 28, 1983.

Application to Transfer Denied Feb. 15, 1984.

John A. Walsh, Jr., St. Louis, for appellants.

Jeffrey L. Cramer, St. Louis, for respondent.

REINHARD, Judge.

Plaintiffs appeal from the circuit court's order granting defendant's motion for a directed verdict at the close of plaintiffs' case. Plaintiffs claim they presented sufficient evidence to make a submissible case, and therefore, the trial court erred in directing the verdict. However, we agree that the plaintiffs failed to make a submissible case and affirm the judgment.

In Count I of their petition, plaintiff Viola M. Grube alleged that she:

> was an invitee within defendant's Chesterfield store, and while ... waiting for service, sat upon a stool provided by defendant for the use of it's customers, which stool was not reasonably safe for such use, in that said stool was so built, constructed or maintained as to be inherently unstable, or to be inclined to tilt or tip over if a customer's weight was placed upon or shifted to points at or near the edge of the seat portion of said stool ....

In Count II, plaintiff William F. Grube sought damages for payment of medical expenses and loss of consortium.

When determining whether or not a plaintiff has made a submissible case, the plaintiff's evidence is presumed to be true, and the plaintiff is given the benefit of all reasonable and favorable inferences drawn from the evidence. *Larrea v. Ozark Water Ski Thrill Show, Inc.,* 562 S.W.2d 790, 792 (Mo.App.1978). However, the court is not required or permitted to supply missing evidence or to give the plaintiff the benefit of unreasonable, speculative, or forced inferences. *Hayes v. National Super Markets, Inc.,* 612 S.W.2d 819, 821 (Mo.App.1981). The evidence and inferences must establish every element and not leave any issue to speculation. *Meyers v. City of Louisiana,* 637 S.W.2d 219, 221 (Mo.App.1982).

The general duty owed a business invitee by a property owner is the exercise of reasonable and ordinary care in making his premises safe. *Albers v. Gehlert,* 409 S.W.2d 682, 684 (Mo.1966). A store keeper is not an absolute insurer of the safety of his business invitees. The true ground of his liability is his superior knowledge of a dangerous condition and his failure to give a warning of the risk. *Howard v. Lundry,* 591 S.W.2d 193, 197 (Mo.App.1979).

Plaintiff Viola M. Grube testified that she selected a couple of blouses to purchase and approached the checkout counter. There were people being waited on, so she sat down on the stool near the counter. The stool was made of metal, had a padded seat and four concave legs. From the photographs of the stool introduced into evidence, it appears the stool was about two feet in height and 18 inches wide. According to plaintiff's testimony the circumference of the top of the stool was greater than the circumference of the base formed by the legs at the bottom. She testified

**312**

"the stool didn't feel shaky or wobbly" when she sat down; and it felt firm while she was sitting on it. She wasn't concerned about the stool because "it just felt normal." She then testified:

> I saw that the last lady was being waited on. I decided I would get up to be waited on next and when I did I must have slipped toward the front of the chair, that's the only way you could get up.

> And when I went to get up, it tipped and the left side hit my left hip in the back and threw me cater-corner across the floor onto my right side.

The stool was not damaged after the fall. There was no evidence that there were any loose or missing pieces. From our examination of the photographs, we cannot determine whether the circumference of the top is larger than the base formed by the legs. If it is, it is so only by a very small amount. Plaintiffs presented no other evidence, expert or otherwise, as to the condition or stability of the stool.

In light of this record, we have concluded that plaintiffs failed to prove the existence of a dangerous condition. At best, the testimony of plaintiff Viola M. Grube established that the stool was *slightly* narrower at the base than at the top, but there was simply no evidence that this made the stool inherently unstable and therefore dangerous to customers of defendant's store. Accordingly, we agree that plaintiffs failed to make a submissible case.

Affirmed.

KAROHL, P.J., and CRANDALL, J., concur.