**Donald and Helen SHINE,
Plaintiffs-Appellants,**

v.

**SOUTHWESTERN BELL TELEPHONE
CO., Defendant-Respondent.**

**No. 51671.**

Missouri Court of Appeals,
Eastern District,
Division Five.

July 21, 1987.

Motion for Rehearing and/or Transfer
Denied Sept. 23, 1987.

Doris Gregory Black, St. Louis, for plaintiffs-appellants.

James A. Daugherty, Leo E. Eickhoff, Jr., Thad Hollie, Jr., Thomas J. Horn, David C. Fairchild, St. Louis, for defendant-respondent.

CARL R. GAERTNER, Presiding Judge.

Plaintiffs, Donald and Helen Shine, sued Southwestern Bell Telephone Company alleging that Donald sustained personal injuries caused by defendant's negligence on September 6, 1974. A jury assessed Donald's damages at $30,000 and his wife's damages for loss of consortium at $5,000. The jury also determined defendant to be 60% at fault and Donald, 40%. The trial court sustained the defendant's motion for new trial designating instructional error as the grounds. Plaintiffs appeal.

Before addressing the merits of the appeal we are constrained to sustain the defendant's motion to dismiss the appeal as to Donald Shine. On June 24, 1986, this court was advised by plaintiffs' attorney that Donald Shine was deceased. No motion for substitution has been filed. Rule 52.13(a)(1) mandates the dismissal of an action as to a deceased party if no motion for substitution is served within 90 days after the suggestion of death. "If ... death [of a party] occurs after judgment pending appeal, substitution must be made to continue the appeal." *Estate of Livingston*, 627 S.W.2d 673, 678 (Mo.App.1982), citing *Wormington v. City of Monett*, 356 Mo. 875, 204 S.W.2d 264 (banc 1947).

■ However, the appeal of Helen Shine survives this dismissal. Although her claim for loss of consortium is derivative from her husband's injuries, it is nevertheless a separate and independent cause of action. *Terry v. Houk*, 639 S.W.2d 897, 900–01 (Mo.App.1982); *Bly v. Skaggs Drug Centers, Inc.*, 562 S.W.2d 723, 728 (Mo. App.1978).

The facts giving rise to this litigation may be stated briefly. A neighbor of plaintiffs experienced a malfunction in the telephone service to his home. Because the neighbor was a physician, defendant promptly restored service by means of a wire cable laid on the surface of the ground. This was a temporary measure pending replacement of the permanent underground cable. Although disputed, there was some evidence the temporary line crossed the rear of plaintiffs' property. Plaintiff Donald Shine claimed that he was caused to fall and sustain injuries while mowing his grass because of the defendant's negligence in failing to warn of the presence of the wire or to barricade the area of the unmarked wire.

Plaintiff Helen Shine's consortium claim was submitted to the jury under the following instruction:

### INSTRUCTION NO. 13

As to Count II, your verdict must be for plaintiff Helen Shine if you believe:

First, defendant placed telephone wires above ground on plaintiff's property without warning of them or placing barricades;

Second, defendant was thereby negligent, and

Third, as a direct result of such negligence, plaintiff Helen Shine's husband was injured and plaintiff Helen Shine thereby sustained damage.

The trial court designated as grounds for sustaining defendant's motion for new trial three charges of error in this instruction; omission of the conjunction "and" after paragraph first, submission of different theories of negligence in the husband's claim and in the wife's derivative claim, and

failure to refer to the affirmative defense instruction.[1]

■ The omission of the conjunction "and" between the first and second paragraphs of the instruction is a deviation from MAI. Rule 70.02(c) declares such deviation to be erroneous and imposes upon the court the duty of determining the prejudicial effect of the error. This determination is in the first instance a matter of trial court discretion. *Affiliated Foods, Inc. v. Strautman*, 656 S.W.2d 753, 758 (Mo.App. 1983). Because the trial judge has the best opportunity to evaluate the effect of error, we should defer to his ruling on such an issue, absent a showing of abuse of discretion. *Whiting v. United Farm Agency, Inc.*, 628 S.W.2d 407, 409 (Mo.App.1982). The reviewing court should indulge every reasonable inference favorable to the trial court's granting of a new trial and we may not reverse unless there has been a clear abuse of discretion. *Farley v. Johnny Londoff Chevrolet, Inc.*, 673 S.W.2d 800, 803 (Mo.App.1984).

■ Guided by these rules we find no abuse of discretion. The instruction is susceptible of being understood by the jury as a judicial directive to find the defendant negligent if defendant failed to warn or barricade the wire. Such a directive may well have caused the jury to ignore defendant's evidence that Donald Shine knew the wire was there and had discussed its presence with a neighbor twenty or thirty minutes before his alleged accident. It is not actionable negligence to fail to give a warning of the existence of a condition to one who has actual knowledge thereof as the law will not require the performance of a useless act. *Teichman v. Potashnick Const., Inc.*, 446 S.W.2d 393, 398 (Mo. banc 1969); *Gottman v. Norris Const. Co.*, 515 S.W.2d 861, 864 (Mo.App.1974). "One is not entitled to a warning of that which is already known to him." *Daniel v. Childress*, 381 S.W.2d 539, 543 (Mo.App.1964). It can be inferred that the jury placed credence in the testimony regarding Donald Shine's prior knowledge of the wire from the finding that he was 40% at fault.

This knowledge is not only evidence relating to the affirmative defense of contributory fault, but is of the essence in determining the existence of a duty to warn. The trial court, in determining the instructional error was prejudicial, may well have concluded the jury read his instruction as a directive that defendant was negligent in failing to warn even though Donald Shine had actual knowledge of the presence of the wire prior to his injury.

"Where there is a deviation from MAI, the party asserting its harmlessness has the burden of demonstrating its harmlessness." *Leonard v. Hodge*, 654 S.W.2d 165, 166 (Mo.App.1983). Plaintiffs have utterly failed to sustain this burden. The argument by which it is contended that no prejudice resulted from the omission of the conjunction "and" is identical to the argument rejected by this court in *Kirkendall v. Townsend*, 559 S.W.2d 561, 563 (Mo.App. 1977). In contradistinction to plaintiffs' contention the error was not prejudicial, the omission of the conjunction "and" has been held to require reversal in *Motsinger v. Queen City Casket Co.*, 408 S.W.2d 857, 860 (Mo.1966); *Kirkendall v. Townsend, supra; Wilkerson v. State Farm Mutual Auto. Ins. Co.*, 510 S.W.2d 50, 56 (Mo.App. 1974); *Holt v. Myers*, 494 S.W.2d 430, 441 (Mo.App.1973); *R-way Furniture Co. v. Powers Interiors, Inc.*, 456 S.W.2d 632, 640 (Mo.App.1970); *Pavyer Printing Machine Works v. Southside Roofing Co.*, 446 S.W.2d 445, 450 (Mo.App.1969); *Slyman v. Grantello*, 429 S.W.2d 282, 284 (Mo.App. 1968); *Moore v. Huff*, 429 S.W.2d 1, 6 (Mo.App.1968). We have been directed to, and independent research has disclosed, no case where such an omission has not been found to be prejudicial error. The trial court's conclusion that the deviation from MAI had a prejudicial effect is supported by a plethora of authority.

Because we have determined the order granting a new trial was amply supported by the first of the three assignments of instructional error, we need not address the remaining contentions. The appeal is dis-

1. The same three charges of error were made against the verdict director used to submit Donald Shine's claim and were the basis for the granting of a new trial as to his case.

missed as to plaintiff Donald Shine. The order of the trial court granting defendant a new trial is affirmed as to plaintiff Helen Shine.

SMITH, J., and SIMEONE, Senior Judge, concur.

