**James G. NICHOLS and Melroy Nichols, Plaintiffs/Appellants,**

v.

**Robert L. KOCH, Fran M. Koch and The County Bank of Webster Groves, Defendants/Respondents.**

**No. 52271.**

Missouri Court of Appeals, Eastern District, Division One.

Dec. 8, 1987.

Daniel A. Raniere, St. Louis, for plaintiffs/appellants.

James E. Whaley, K. Steven Jones, St. Louis, W. Thomas McGhee, Kirkwood, Jo-

seph H. Mueller, St. Louis, for defendants-respondents.

SATZ, Presiding Judge.

This is an invitee case. Plaintiffs are James G. Nichols and his wife Melroy Nichols. Defendants are Robert Koch and Fran Koch (Kochs) and the County Bank of Webster Groves. (County Bank). At the close of plaintiffs' case, the trial court directed a verdict in favor of defendants. Plaintiffs appeal. We affirm.

In their petition, plaintiffs allege James Nichols "was caused to fall and sustain injuries while walking down the stairway at [County Bank]," the lessee of the owners/lessors, the Kochs. The "stairway and premises ... were dangerous and defective", plaintiffs allege, because "the tread depth of the stairs is excessive and ... its dimensions vary from step to step, and further, ... the riser height varies from step to step." Defendants are negligent, plaintiffs allege, because they:

"... failed to maintain ... the stairway ... in a reasonably safe condition ...

"... failed to warn the public, including plaintiff, of the ... dangerous and defective condition of [the] stairway"

"... permitted [the] dangerous and defective condition in [the] stairway to exist, be and remain, ... rendering it unsafe for the use of the ... public, including ... plaintiff".

Defendants, as owners and occupiers of the premises, owed James Nichols, their invitee, the duty of due care. *E.g. Albers v. Gehlert*, 409 S.W.2d 682, 684 (Mo.1966). In Missouri, we have adopted the Restatement's definition of this duty, in particular, §§ 343 and 343A(1), Restatement (Second) of Torts (1965). *Hokanson v. Joplin Rendering Co., Inc.*, 509 S.W.2d 107, 110 (Mo. 1974); *Fisher v. Northmoor United Methodist Church*, 679 S.W.2d 305, 306 (Mo. App.1984); MAI 22.03.

§ 343 subjects the "possessor of land to liability for physical harm caused to his invitees by a condition on the land", if ... he

(1) knows or should know the condition "involves an unreasonable risk of harm" to the invitees, and

(2) "should expect ... they will not discover or realize the danger ..., and"

(3) "fails to exercise reasonable care to protect them against the danger."

§ 343 is read together with § 343(A), which defines the duty owed to an invitee when the condition is known by or is obvious to him. § 343A(1) provides:

"A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness."

■ Read together, the duty of the possessor of land to an invitee is limited to acquainting the invitee with dangerous conditions. In Missouri, we say the basis of the possessor's liability is his superior knowledge of the dangerous condition. *E.g., Hokanson v. Joplin Rendering Co., Inc., supra,; Fisher v. Northmoor United Methodist Church, supra,.* If the possessor's and invitee's knowledge of the dangerous condition are equal, the possessor's duty is fulfilled and no breach occurs. *Id.*

■ As with all general rules, however, there are qualifications. § 343(A)(1) does make the possessor liable if he should anticipate an unreasonable risk of harm to the invitee notwithstanding the invitee's knowledge of the obvious nature of the condition. This may occur "where the possessor has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it." § 343 A(1), Comment f; Prosser And Keeton, *Torts*, § 61, pp. 425–428 (5th ed. 1984); Harper, James and Gray, *The Law of Torts*, § 27.13, pp. 240–252 (2d ed. 1986).[1]

1. MAI 22.03 does not reflect these exceptions. It tracks the first Restatement § 343 (1934), not § 343A(1) of the second Restatement. The former section defines a duty narrower than the latter. *The first Restatement took the position the possessor discharged his duty to his invitees*

To make their case, plaintiff James Nichols testified the stairway in question lead from the County Bank to its parking lot. A hand railing divides the stairs in the middle. He fell on the second stair from the top. The distance of the tread from the top stair to the second stair is approximately 59 inches. This required him to take more than one step before reaching the second stair.

Prior to his fall, he had entered the bank, made a deposit, walked down the first stair without difficulty, and walked approximately three steps before he fell. At that time, he was looking straight ahead and not at his feet.

He also testified he had been banking at County Bank for several years. He would go to bank from 3 to 4 or 5 to 6 times a month. The stairway in question had not changed in any way since he had first started banking at the bank. He had been up and down the stairs many times and was familiar with their construction. A person would have to take three steps across each tread to walk from the edge of one stair to the edge of the next stair.

At the time of his fall, the weather was clear. The stairs were clear, without trash or debris. There were no cracks in the concrete nor was it broken or chipped. Nichols had not been distracted in any way by the fall.

Based upon this testimony, defendants did not breach their duty to James Nichols. The condition plaintiffs claim is dangerous is the construction of the tread leading from one stair to the next. But this construction was obvious not hidden. Nichols was aware or should have been aware of it. A warning would have been futile, for it would have conveyed only the information about the stairway that Nichols knew or should have known. *Bohler v. National Food Stores, Inc.*, 425 S.W.2d 956, 958–959 (Mo.1968). Moreover, County Bank had no "duty to reconstruct or alter the premises so as to obviate known and obvious dangers." *Dixon v. General Grocery Co.*, 293 S.W.2d 415, 418 (Mo.1956). Quite simply,

by simply giving them "a warning adequate to enable them to avoid the harm." Restatement

the condition plaintiffs complain about would be one the defendants would reasonably expect their invitees to know about or discover.

Plaintiffs also argue the testimony of their expert, a mechanical engineer named H. Boulter Kelsey, Jr., helped make or made their submissible case for them. We disagree.

Kelsey inspected and measured the stairs in question. In his opinion, the stairs were unreasonably dangerous because the tread depths were too long, requiring a person to use an unnatural cadence in using the stairs. Kelsey testified, over objection, that James Nichols fell because of the "defective design of the stairway."

Kelsey's testimony does not make plaintiffs' case submissible. Kelsey's opinion does not make the condition in question any less obvious. Moreover, plaintiffs do not contend James Nichols was distracted or forgot what was obvious. Furthermore, on the present facts, defendants should not have anticipated the harm to James Nichols, even though the condition was obvious and Nichols knew about the condition. §§ 343A(1). To the contrary, on the present facts, defendants are permitted to assume James Nichols, their invitee, is a reasonable person who, exercising ordinary care, perception and intelligence, would simply accommodate himself and use an appropriate cadence in crossing the treads in question.

Plaintiffs raise a new issue in their reply brief. They contend comparative fault, as applied in Missouri, simply makes James Nichols' knowledge of the condition "an issue for the jury to consider when assessing the parties' percentage of fault," and "any knowledge on the part of [Nichols] would not be an absolute bar to recovery." We do not address this issue. An assignment of error raised for the first time in a reply brief does not present an issue for appellate review. *E.g. State v. Virgilito*, 377 S.W.2d 361, 366–67 (Mo.1964).

of Torts § 343(c)(iii) (1934). MAI 22.03, however, is not in issue here.

We do note, however, that the resolution of this issue turns on whether the knowledge of an invitee is considered in determining the duty of the invitor or whether that knowledge is considered only in determining the invitee's contributory negligence or assumption of risk. If the focus is limited to the invitor's duty, then the invitor's duty is discharged by the invitee's equal knowledge, and the issue of the invitee's "comparative negligence" is not reached. Since the invitor has not breached his duty, the invitor is not "negligent" or at "fault", and, without the invitor's "fault", there is no "negligence" or "fault" to compare the invitee's "negligence" or "fault" with. *See Barnes v. Tools & Machinery Bldrs., Inc.*, 715 S.W.2d 518, 521–523 (Mo. banc 1986); *But see O'Donnell v. City of Casper*, 696 P.2d 1278, 1282–1284 (Wyo.1985); *Zambito v. Southland Recreation Enterprises*, 383 So.2d 989, 990–91 (Fla.App.1980).

Judgment Affirmed.

KELLY and CRIST, JJ., concur.