Ted R. **TAYLOR**, et al., Appellants,

v.

**CITY OF KANSAS CITY,** Missouri, Respondent.

No. WD 39969.

Missouri Court of Appeals, Western District.

April 19, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 31, 1988.

Application to Transfer Denied July 26, 1988.

Gregory O. Grounds, Kansas City, for appellants.

Galen Beaufort, Kansas City, for respondent.

Before NUGENT, P.J., and COVINGTON and CLARK, JJ.

---

NUGENT, Presiding Judge.

Appellant Ted R. Taylor appeals from the granting of summary judgment in favor of defendant City of Kansas City.

We reverse and remand.

On September 2, 1983, Ted R. Taylor was injured while he was riding on an elevator in property owned by the defendant, City of Kansas City. Mr. Taylor was moving vegetables from one floor to another at the request of his employer, who leased the building from its owner, the defendant city. The city's building code requires a riding gate on all elevators that carry passengers, and the city, while leasing the building, was responsible for maintaining the elevator. The city had ordered a riding gate, but it had not been installed at the time of the accident. Mr. Taylor knew that the elevator had no such gate.

The defendant filed a motion for summary judgment on the theory that the possessor of land is not liable to any invitee for injury caused by a condition known to the invitee. The trial court granted the motion.

Summary judgment is proper where the pleadings, depositions, admissions, and affidavits on file show that no issue as to any material fact exists and where the movant is entitled to judgment as a matter of law. *Olson v. Auto Owners Insurance Company*, 700 S.W.2d 882, 884–85 (Mo.App.1985).

Defendant argues that it owed no duty of care to plaintiff because he knew of the condition of the premises before he was injured. Plaintiff testified that he had ridden that elevator twenty to thirty times a day since his first day at work, almost two years before, and he knew that the elevator had no riding gate. Defendant argues that

*Nichols v. Koch,* 741 S.W.2d 87 (Mo.App. 1987), is similar to the present case and should be followed.

In *Nichols* the Eastern District of this court was presented with the question whether plaintiff's claim would be barred by his knowledge of the condition of the stairs on which he fell, or whether Missouri's comparative fault rule made the plaintiff's knowledge of the dangerous condition an issue for the jury to consider in assessing the relative fault of the parties. The court declined to consider the comparative fault issue because it had been raised for the first time in plaintiff's reply brief on appeal. A scant seven days later, however, the Supreme Court handed down its decision in *Cox v. J.C. Penney Co., Inc.,* 741 S.W.2d 28 (Mo.1987) (en banc), holding that the comparative fault rule adopted in *Gustafson v. Benda,* 661 S.W.2d 11 (Mo. 1983) (en banc), was applicable.

In *Cox,* Frances Cox sued J.C. Penney Co. after she tripped over a luggage strap in the store and was injured. The issue in the case was whether MAI 22.03 [1] was contrary to the theory of comparative fault announced in *Gustafson.* The *Cox* court held, at 741 S.W.2d 30, that the second paragraph of MAI 22.03 was a vestige of the contributory fault system which *Gustafson* sought to end. The court stated,

Under comparative fault, we leave to juries the responsibility to assess the relative fault of the parties in tort actions. Respondent's duty argument fails in this context because it permits jury assessment of respondent's fault for failure to maintain the premises in a reasonably safe condition. In this regard, *Gustafson* modifies the common law relation-

---

1. The entire approved instruction follows:
   MAI 22.03 [1965 New] Verdict Directing—Invitee Injured
   Your verdict must be for plaintiff if you believe:
   First, there was (here describe substance on floor which caused the fall) on the floor of defendant's store and as a result the floor was not reasonably safe for customers, and
   Second, plaintiff did not know and by using ordinary care could not have known of this condition, and

   Third, defendant knew or by using ordinary care court have known of this condition, and
   Fourth, defendant failed to use ordinary care to [remove it] [barricade it] [warn of it], and
   Fifth, as a direct result of such failure, plaintiff was injured.
   [unless you believe plaintiff is not entitled to recover by reason of Instruction Number ____ (here insert number of affirmative defense instruction)].

ship between business invitors and their invitees.

In the present case, plaintiff admits that he knew that the elevator had no riding gate; defendant admits that its own code requires a gate and that one had been ordered. The assessment of the relative fault of the parties is an issue to be decided by the trier of fact. Summary judgment is improper. Accordingly, we reverse the judgment and remand the case for trial.

All concur.