Lillian Frances LUTHY, Respondent,

v.

DENNY'S, INC., Appellant.

No. WD 41331.

Missouri Court of Appeals,
Western District.

Nov. 7, 1989.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Jan. 2, 1990.

Application to Transfer Denied
Feb. 13, 1990.

Frederick G. Thompson IV, Kansas City, for appellant.

Joseph A. Hamilton, Pleasant Hill, for respondent.

Before GAITAN, P.J., and MANFORD and ULRICH, JJ.

GAITAN, Presiding Judge.

Lillian Frances Luthy brought an action against Denny's Inc. for damages arising out of a slip and fall accident at one of defendant's restaurant locations. A jury returned a verdict, assessing zero percentage of fault to both plaintiff and defendant. Plaintiff then filed a motion for new trial which was sustained by the trial court. Defendant Denny's appeals from the order granting a new trial, contending that the trial court erred in: (1) overruling defendant's motion for directed verdict at the close of all the evidence because plaintiff failed to make a submissible case; (2) granting plaintiff's motion for new trial without specifying the grounds in its order; and (3) ruling that evidence of the absence of other similar accidents was inadmissible. Judgment affirmed.

The accident occurred on February 11, 1987 at the Denny's Restaurant on 87th and I–435 in Kansas City, Missouri. Arriving with her church group, the plaintiff entered the restaurant at approximately 12:30 p.m. Mrs. Luthy went through the front entryway and walked to the rear dining area. After taking off her hat and coat, plaintiff returned to the front of the restaurant to the ladies restroom, which was in a hall near the main entrance. At this time, plaintiff noticed at least one, bright orange cone, approximately one and one-half feet tall with the marking "wet floor," in the hall leading to the restrooms. The restaurant allegedly used the warning cones to caution patrons of a wet floor due to spills or routine mopping. Plaintiff noted that although she saw a warning cone, the floor was dry and she observed no one mopping the floor.

Mrs. Luthy returned to her table. Her luncheon meeting was not completed until approximately 2:15 p.m. Plaintiff went to the front cash register to pay her bill. Some congestion existed at the register as members of the group, including plaintiff, paid their bills. After settling her bill, Mrs. Luthy turned to walk to the ladies restroom. Several men moving toward the restroom area were in front of plaintiff, and as plaintiff concentrated on not bumping into the man closest to her, she fell over a cone. The plaintiff suffered a broken hip and incurred approximately $17,000 in subsequent medical expenses. Plaintiff testified that at no time did anyone from the restaurant warn her that the cone still remained in the hallway to the restrooms.

## I.

Defendant in its first point contends that the trial court erred in not granting its motion for directed verdict at the close of all the evidence, because plaintiff failed to make a submissible case in that there was not sufficient evidence to warrant a finding that a defective condition existed on defendant's premises.

In determining whether the plaintiff made a submissible case, we must construe the evidence, together with all reasonable inferences drawn therefrom, in a light most favorable to plaintiff, and disregard defendant's evidence that does not support the plaintiff's case. *Day v. Wells Fargo Guard Service Co.*, 711 S.W.2d 503, 504 (Mo. banc 1986); *Hansome v. Northwestern Cooperage Co.*, 679 S.W.2d 273, 274 (Mo. banc 1984).

The general duty owed to an invitee by the owner of the premises is the exercise of reasonable and ordinary care in making the premises safe. *Schultz v. Webster Groves Presbyterian Church*, 726 S.W.2d 491, 495 (Mo.App.1987). The elements of a cause of action for an injured

invitee are: (a) a dangerous condition, existing on the floor of defendant's store which involved an unreasonable risk; (b) that defendant knew or by using ordinary care should have known of the condition; (c) that defendant failed to use ordinary care in removing or warning of the danger; and (d) as a result plaintiff sustained injury. *Patton v. May Department Stores Co.*, 762 S.W.2d 38, 39–40 (Mo. banc 1988); *Jones v. National Supermarkets, Inc.*, 729 S.W.2d 218, 220 (Mo.App.1987); *see also* MAI 22.03 (1989). In order to show that the instrumentality which caused the injury was defective, plaintiff must show that it was inherently dangerous and/or defective, or that it was placed in such a way that it created a dangerous condition. *Jones v. National Supermarkets, Inc.*, 729 S.W.2d at 221; *see also Grube v. Associated Dry Goods, Inc.*, 663 S.W.2d 310, 312 (Mo.App. 1983).

■ Defendant Denny's objects only to whether sufficient evidence existed as to whether the warning cones were a dangerous or defective condition. Therefore this Court will not address the other elements required for submissibility on this appeal.

Plaintiff Luthy testified that she saw a warning cone in the restroom hallway after she first arrived at the restaurant; that the number of persons around the cash register at the time she prepared to pay her bill caused congestion; that after she paid her bill and turned to walk to the ladies room, several men were in front of her path; that she did not expect to see, nor did she see the warning cone before she fell over it; that no one warned her that cones still remained in the hallway; and that the floor was dry at the time she fell. Plaintiff did concede on cross-examination that she did not look at the floor as she walked to the restroom, and had she been looking at the floor she probably would have seen the cone.

A defense witness, David Kellar who was the night manager of the restaurant at 87th Street when the incident occurred, testified that at the end of each shift the floors of the restaurant were mopped; that during the day the floors were mopped between 1:30 and 2 p.m.; that warning cones were placed around the area mopped to warn of wet floors; and that it generally took between twenty and thirty minutes for the floor to dry. On cross-examination Kellar admitted that a group of seventeen persons such as Mrs. Luthy's church group could cause congestion at the register, and that the restaurant could reasonably expect congestion in the restroom hallway. He further conceded that if he had been at the register, he would have warned people to watch out for the cones.

David Farlow, the day manager of the restaurant on February 11, 1987, testified on cross-examination that he was in his office rather than at the cash register when the accident occurred, and that he did not warn nor had he instructed the cashier to warn individuals about the warning cones. Farlow acknowledged that when he rushed to plaintiff's assistance after the fall, he noticed that the floor was dry.

We find that plaintiff made a submissible case. Defendant knowingly set out the warning cone. Such a cone is not permanent to any location. One of defendant's restaurant managers acknowledged that a crowd of persons could cause congestion in the main entrance way and restroom hallway. Testimony of the plaintiff as well as one of the defendant's restaurant managers established that the warning cone was placed in an area of known congestion. The night manager further conceded that if he had been present he would have warned customers of the presence of the warning cones. Such a statement creates a reasonable inference that the defendant was, or at least should have been aware, that in circumstances such as presented in this case, the warning cone could become a dangerous condition when placed in a congested area and posed a threat of someone not seeing the cone and tripping over it. Plaintiff testified that she received no warning. Therefore, evidence presented at trial created an issue for the jury as to whether the cone, even though it served as a warning device, was in fact a dangerous condition.

■ Defendant further contends that as the warning cone was an open and obvious condition, defendant had no duty to remove the cone as plaintiff submitted in its verdict directory instruction number seven.

Defendant incorrectly states the holding of this state's supreme court decision in *Cox v. J.C. Penney Co., Inc.*, 741 S.W.2d 28 (Mo. banc 1987). In *Cox* the Missouri Supreme Court held that comparative fault altered the common law relationship between a business owner and invitee. The language of MAI 22.03 which rested on the common law concept that an open and obvious danger, unanticipated by the defendant, dispenses with the duty to warn, was rejected by the Court as a vestige of the contributory fault system ended by *Gustafson v. Benda*, 661 S.W.2d 11 (Mo.1983). In so doing, the Court not only broadened the common law duty of the business invitor, but changed what was before the element of the plaintiff's case into a defense upon which the defendant bears the burden of proof. In accordance with *Cox*, an invitee's knowledge of an obvious danger is considered in determining the invitee's comparative negligence rather than in determining the duty of the owner. *Id.* at 84; *accord, Patton v. May Dept. Stores Co.*, 762 S.W.2d at 39–40; *Hefele v. National Super Markets, Inc.*, 748 S.W.2d 800, 802 (Mo.App.1988). *See also*, Garrison and Cook, *Missouri Comparative Fault Treatise—Theory and Practice* § 5.2(a), 7.2(b) UMKC–CLE, (1989).

To further support his position, appellant cites to *Nichols v. Koch*, 741 S.W.2d 87, 90 (Mo.App.1987) for the proposition that if defendant's duty is discharged by the invitee's equal knowledge, the issue of comparative fault is not reached. In *Nichols*, the eastern district was presented with the issue of whether a plaintiff's claim would be barred by knowledge of the defect/danger, or if it became an issue for the jury under Missouri's comparative fault doctrine. Because the issue was first presented in reply brief, the court declined to rule on the question. However in dictum the court provided its views on the issue. This the

defendant erroneously relies upon, for seven days after the eastern district issued its opinion in *Nichols*, the Missouri Supreme Court handed down *Cox*, holding that comparative fault was applicable in such cases. *See Taylor v. Kansas City*, 753 S.W.2d 15, 16 (Mo.App.1988).

At the time this case was heard in August of 1988, it had been held that there was no error in giving MAI 22.04 (verdict director for sidewalk defects) as MAI 22.03 (invitee injured) was not compatible with comparative fault. *Hefele v. National Super Markets, Inc.*, 748 S.W.2d at 803. Plaintiff's instruction number seven is a modified version of MAI 22.04 and therefore proper.[1] Defendant's first point is denied.

## II.

■ During cross-examination of defendant's witness, the following exchange transpired as plaintiff's counsel questioned the witness regarding statements made in a prior deposition and on direct examination:

Q. Okay. And that's pretty much the same procedure that's outlined in your Management in Training book, isn't that right?

A. Yes.

Q. Well, didn't you forget something on each one of those occasions?

A. We put the "Wet Floor" cone signs out.

Q. No. What you forgot is you forgot to pick them up when it's dry. On each occasion you didn't say, "Then when the floor is dry we pick them up." Do you pick them up when it's dry?

A. Yes, we do.

Q. Probably just left that out when you told me that, on each occasion. Okay; it's pretty important to pick them up, isn't it?

A. Yes, it is.

Q. Because when they're out there, to some extent they are an obstacle, aren't they?

---

1. Effective July 1, 1989, MAI 22.03 has been revised to meet the requirements of *Cox*.

A. I wouldn't say that.

Q. Well, if you're walking along and you bump into it, it's an obstacle, isn't it?

A. I've never had anyone trip over them.

During the presentation of its defense, defendant twice attempted to introduce evidence of absence of prior similar incidents. Each time the trial court sustained plaintiff's objection to the introduction of such evidence. Prior to defendant calling its last witness, David Farlow, plaintiff asked the trial court to instruct defense counsel not to go into the matter, and if necessary, have defense counsel instruct his witness to that effect. The trial court sustained the objection, stating that such evidence was not relevant, and instructed defense counsel not to ask that question.

Immediately following the response by Farlow regarding the absence of accidents, a bench conference was held at which time plaintiff's counsel requested a mistrial. The trial court overruled the motion stating that the response was invited. Following the return of the jury's verdict, plaintiff moved for a new trial which was sustained by the trial court.

Defendant contends that the trial court erred in failing to specify the grounds for new trial and that such an order is presumed to be erroneously granted. Defendant correctly cites Rule 84.05(b). However the Missouri Supreme Court, in discussing the application of Rule 84.05(b)[2], has held that when only one ground is offered in the motion for new trial, "by the very act of sustention the court specified the ground on which it acted," and no presumption that the trial court erroneously granted the motion for new trial arises. *Ray v. Bartolotta,* 408 S.W.2d 838, 839–40 (Mo.1966); *Hightower v. Hightower,* 590 S.W.2d 99, 103–04 (Mo.App.1979).

Defendant argues that plaintiff's motion for new trial asserted at least seven issues: (1) that the witness's statement concerning prior falls over the warning cone was not responsive; (2) that evidence of the absence of similar incidents is not admissible; (3) that evidence of the absence of prior falls is irrelevant; (4) that if relevant, such evidence was hearsay; (5) that such evidence was prejudicial; (6) that such evidence was beyond the witness' knowledge; and (7) that defense counsel improperly instructed its witness concerning the absence of prior falls.

Plaintiff alleges that the motion for new trial raised only one point of error, that evidence of absence of similar accidents is not admissible, and what the defendant claims as issues are merely reasons for justifying the inadmissibility of such evidence.

Our review of the motion for new trial persuades us that the plaintiff is correct. The issue before the trial court was whether or not it had erred in not granting plaintiff's motion for a mistrial due to the injection of inadmissible evidence regarding the absence of prior accidents before the jury. Questions of nonresponsiveness, prejudice, hearsay, relevancy, witness knowledge, or counsel impropriety all pertain to the admissibility of the evidence and are not independent grounds for a new trial.

Therefore, in view of the facts and the principle espoused by *Ray,* this Court finds that the trial court, by its sustention of the motion, specified the ground on which it acted. Defendant's second point is denied.

### III.

■ Defendant in his final point contends that the trial court erred in ruling that evidence of the absence of prior accidents with regard to warning cones was inadmissible. We disagree.

It is appropriate to note from the onset that Missouri law regarding the admissibility of evidence of prior accidents is in disarray. The general rule has been that such evidence is inadmissible. *See Dill v. Dallas County Farmers Exchange No. 177,* 267 S.W.2d 677, 681 (Mo.1954). According to *McCormick on Evidence,* the recent trend is toward admissibility of proof of the absence of other accidents to show: (1)

**2.** Formerly Rule 83.06(b).

absence of the defect or condition alleged, (2) the lack of a causal relationship between the injury and the defect or condition charged, (3) the nonexistence of an unduly dangerous situation, or (4) want of knowledge (or of grounds to realize) the danger. *McCormick on Evidence,* § 200 pp. 591–592 (3d. ed. 1984). *See also,* Note, *Evidence—Admissibility of evidence of an Absence of Prior Claims or Similar Occurrences,* 14 Mem.St.U.L.Rev. 99 (1983).

The southern district of this court recently addressed this issue in *McJunkins v. Windham Power Lifts, Inc.,* 767 S.W.2d 95 (Mo.App.1989). In this strict liability case, evidence of the absence of prior accidents was admitted during defendant's direct examinations, as well as mentioned in both the opening and closing arguments. The court reviewed the admissibility of evidence of absence of prior accidents in Missouri as well as other jurisdictions, *id.* at 97–100 and cases therein cited, and held that evidence of absence of prior accidents is relevant in a defective design case when sufficient foundation is laid. *Id.* at 100. However the court stated "[a]dmitting evidence of the absence of other accidents without such a foundation could present evidence to a jury that was irrelevant to the case before it." *Id.* The court held in *McJunkins* that as no foundation was established before such evidence was admitted by the trial court, the evidence of the absence of prior accidents was inadmissible. *Id.*

It must be further noted that our state supreme court cited *McJunkins* as well as noting the recent trend in admissibility of evidence of absence of prior accidents, in a recent negligence action. However the Court made no statement as to whether such evidence was properly admissible and it did not overrule the precedent it had previously established of generally disallowing evidence of absence of prior accidents. *Pierce v. Platte–Clay Elec. Co-Op., Inc.,* 769 S.W.2d 769, 774 (Mo. banc 1989). It did, however, restate the necessity for the trial court to satisfy itself that the evidence was relevant and that the occurrences bore sufficient resemblance to the injury causing incident. *Id.* at 774. In

the case at bar, the trial court found against appellants on both points.

The general rule is that the trial court is granted broad discretion in admitting or rejecting evidence on relevancy grounds. *Missouri Commercial Investment Co. v. Employers Mutual Casualty Co.,* 680 S.W.2d 397, 402 (Mo.App.1984); *Moreland v. State Farm Fire & Casualty Co.,* 662 S.W.2d 556, 565 (Mo.App.1983). In the present case, the record indicates that the trial court ruled that evidence of the absence of prior accidents was irrelevant because patrons and employees could have fallen but not reported it. Therefore the trial court instructed the defendant not to pursue the issue. It was within the discretion of the trial court to find such evidence inadmissible. However, on cross-examination of a defense witness, the information came before the jury under questionable circumstances. Plaintiff, in her motion for new trial, argued that although the trial court had clearly ruled that evidence of other falls was inadmissible, defense counsel had "coached" the witness to inject such evidence, if possible, on cross-examination. An affidavit by Joseph Hamilton, an associate of plaintiff's counsel, was attached to the motion, in which Hamilton claims to have overheard such coaching. Defendant's counsel denied the accusation of impropriety but in an affidavit attached to his suggestions in opposition to the motion for new trial, admitted that he advised the witness that such information could be given if called for in response to questions on cross-examination.

■ Defendant argues that the complained of testimony was invited during cross-examination. We disagree. While it has long been held in Missouri that a party may not complain of testimony brought out by its own cross-examination, *Le Grand v. U–Drive-It Co.,* 247 S.W.2d 706, 714 (Mo. 1952), the affidavits of Hamilton and defense counsel, as well as the record, suggest that the complained of testimony was not invited, but rather purposely injected to circumvent the trial court's ruling on the admissibility of evidence of absence of prior accidents. Defendant claims that the

testimony came out only after persistent and vigorous cross-examination by plaintiff's counsel. However the record discredits such argument and shows that the comment was injected after only the second question offered by plaintiff's counsel as to whether the cones could be an obstacle, and was not responsive to the question asked. Defense attorney, while not specifically advising the witness to inject improper testimony, counseled him that the inadmissible evidence could be given if called for in response to questions during cross-examination. This certainly disregarded the intent, if not the very essence, of the trial court's prior ruling and cannot be condoned by this Court.

In reviewing an order granting a motion for new trial, this Court may indulge every reasonable inference to the trial court's decision and our review is limited to a determination of whether the trial court abused its discretion in ordering a new trial. *Shine v. Southwestern Bell Telephone Co.*, 737 S.W.2d 203, 205 (Mo.App. 1987); *Holtgrave v. Hoffman*, 716 S.W.2d 332, 335 (Mo.App.1986). The trial judge has the best opportunity to evaluate the effect of an alleged error, and an appellate court should defer to his judgment absent a showing of an abuse of discretion. *Shine v. Southwestern Bell Telephone Co.*, 737 S.W.2d at 205.

 We find no abuse in this case. It was within the trial court's discretion to find that evidence of the absence of prior accidents was irrelevant in this case. Further it was within the trial court's discretion to review its prior ruling on plaintiff's request for a mistrial based on the admission of such evidence, to find that its denial of plaintiff's request was erroneous, and to order a new trial. While in this case the evidence in question was injected on cross-examination, we find *McJunkins* persuasive as to the prejudicial impact of such evidence. *McJunkins v. Windham Power Lifts, Inc.*, 767 S.W.2d at 100. Therefore the trial court did not abuse its discretion in granting plaintiff's motion for new trial as the evidence raised a collateral issue that may have confused or misled the jury.

Defendant contends that in light of the Missouri Supreme Court's decision in *Cox v. J.C. Penney Co.*, the issue of defendant's knowledge or means of knowledge becomes of paramount importance. *Cox* did not change the defenses of foreseeability or knowledge, which has always been available to defendants. It is still within the trial court's discretion to determine if evidence is admissible and if generally admissible, whether sufficient foundation has been laid for its reception before the jury. The judgment of the trial court is affirmed.

MANFORD, J., dissents in separate opinion.

MANFORD, Judge, dissenting.

I must respectfully dissent.

In my opinion, no submissible case was made in this case.

Simply applying the rationale of the majority opinion, the warning cones constituted no defect or dangerous condition if and while the floor was wet, but were somehow transformed into a defect or dangerous condition if the floor was dry. I am lost. The cones did not become an obstacle simply because the floor had dried.

Additionally, the evidence consisting of the defense witness's statement, "I've never had anyone trip over them" was elicited or invited by cross-examination and hence, no foundation was necessary. In my opinion, *McJunkins v. Windham Power Lifts, Inc.*, 767 S.W.2d 95, 100 (Mo.App.1989) is not applicable or controlling. I think the evidence was admissible.

I would reverse.