Delores CARBIN, Appellant,

v.

**NATIONAL SUPER MARKETS, INC., Respondent.**

No. 59678.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 3, 1991.

Carrie L. Kmoch, St. Louis, for appellant.

Patricia A. Manhart, St. Louis, for respondent.

GARY M. GAERTNER, Judge.

Appellant, Delores Carbin, appeals from a final order of the Circuit Court of the City of St. Louis denying appellant's motion for a new trial following a jury verdict for the respondent, National Super Markets, Inc., in this personal injury case. We affirm.

In the early evening of July 18, 1987, appellant went shopping at the National Super Market at 710 North Kingshighway in the City of St. Louis. Appellant testified at trial that she had shopped at that particular National store every week for thirteen years.

While she was shopping, appellant reached behind a support beam to get a can of evaporated milk. Appellant testified that, as she was straightening up, she struck her eye on a display rack containing McCormick's pepper. Appellant admitted at trial she hadn't been paying attention to what she had been doing and further admitted that, when she went to the hospital to have her eye looked at, she was told her eye was not injured. Appellant soon filed suit against respondent claiming a myriad of injuries including what appears from the testimony at trial to be whiplash.

At trial, Victor Krahl, the store manager at the time of the accident, testified the structural beam had been in place since the store was erected and National Super Markets had been using display racks for over eighteen years. Mr. Krahl further testified the rack used in this case was a lightweight aluminum basket that is clipped to the edge of a shelf. The rack sticks out from the bottom shelf by a maximum of two inches. The rack in the present case had been in the same location for at least five months. Over the objection of appellant's counsel, Mr. Krahl was permitted to testify he was unaware of any customer or

store personnel ever hitting their eyes, head or other part of their body on a display rack. The jury returned a verdict finding zero percent fault for appellant's injuries to be the fault of respondent and also found no damages. This appeal followed.

█ Appellant's sole claim on appeal is that the trial court erred in permitting Mr. Krahl to testify he was not aware of any prior similar accidents having occurred. We disagree.

While it may be said that the "general rule" is that evidence of the lack of prior accidents is inadmissible, *see Dill v. Dallas County Farmers Exchange No. 177*, 267 S.W.2d 677, 681 (Mo.1954), the recent trend is toward admissibility of such evidence to show: (1) absence of defect or condition alleged; (2) lack of a causal relationship between the injury and the defect or condition charged; (3) the nonexistence of an unduly dangerous situation; or (4) want of knowledge of (or of grounds to realize) the danger. *McCormick on Evidence*, § 200 pp. 591–592 (3d Ed.1984); *Luthy v. Denny's Inc.*, 782 S.W.2d 661, 665–66 (Mo.App., W.D.1989).

Both the Southern and Western Districts of this court have addressed this issue in recent times. *See Luthy*, 782 S.W.2d at 665–67; *McJunkins v. Windham Power Lifts, Inc.*, 767 S.W.2d 95, 97–100 (Mo.App., S.D.1989). Both districts approved the use of evidence of the absence of prior accidents, but held that such evidence was not admissible in those cases.

In *McJunkins*, plaintiff sued the seller of a forklift after she was struck by one as she crossed a roadway. *McJunkins*, 767 S.W.2d at 97. Plaintiff claimed the forklift was improperly designed because the design impaired the operator's visibility. *Id.* At trial, evidence was admitted that the forklift had not been involved in any other accidents before or after it struck plaintiff. *Id.* The trial court granted plaintiff's motion for a new trial and the defendants appealed. *Id.* at 96.

On appeal, the Southern District held that evidence of the lack of prior accidents is relevant and admissible in defective de-

sign cases where it is shown that "the absence occurred when the product was used under circumstances substantially similar to those faced by plaintiff and an adequate number of those situations had occurred to make the absence meaningful." *Id.* at 100. Whether such a foundation is adequately shown is "primarily within the discretion of the trial court." *Id.*

In *Luthy*, plaintiff stumbled over a bright orange safety cone used to caution patrons of Denny's that the floor was wet. *Luthy*, 782 S.W.2d at 662. At trial, the trial court refused to permit evidence that no prior accidents had occurred. *Id.* at 665. The Western District affirmed, finding that, although such evidence may, at times, be admissible, it was within the trial court's discretion to find that the evidence in that particular case was inadmissible. *Id.* at 666.

█ We agree with our sister districts that evidence of the absence of prior accidents is admissible to show a lack of knowledge, or a reason to know, of a dangerous condition where a proper foundation is laid for the admission of such evidence. It is the height of folly to suggest, as appellant does, that such evidence will only confuse and overly prejudice the jury, while evidence of similar accidents, which has long been permitted in Missouri, *see Charlton v. St. Louis & S.F.R. Co.*, 200 Mo. 413, 98 S.W. 529 (1906), does not overly confuse or prejudice the jury; indeed, "problems of prejudice and distraction over 'collateral issues' seem much more acute when it comes to proof of other accidents than when evidence of an accident-free history is proffered." *McCormick on Evidence*, § 200 at 591.

█ Appellant next asserts respondent failed to lay a proper foundation for the admission of the evidence in this case. We disagree.

As noted in *McJunkins*, the question of whether a proper foundation is laid is "primarily within the discretion of the trial court." *McJunkins*, 767 S.W.2d at 100. In the present case, the testimony of Mr. Krahl was to the effect that the rack upon

which the appellant injured herself had been in that identical spot for the last five months. Mr. Krahl further testified that, as the manager on duty, he would be the person such accidents were reported to if they occurred. While Mr. Krahl failed to testify as to how many people shopped in the store or how much of the evaporated milk purchased by appellant was purchased generally, thus allowing this court to know whether an adequate number of similar situations had occurred to make the absence of prior accidents meaningful, we cannot find the trial court abused its discretion in admitting the evidence because appellant has not seen fit to provide this court with a proper transcript.[1] It is, therefore, impossible for this court to know whether a prior witness gave such testimony. Indeed, even were we to have found the lack of prior accidents evidence to be inadmissible at trial, the poor quality of the transcript before this court would have made it impossible for us to determine the existence, or lack of, prejudice.

The decision of the circuit court is affirmed.

REINHARD, P.J., and CRANE, J., concur.

1. The transcript presented by appellant only included the testimony of Mr. Krahl. Respondent later filed a transcript of appellant's testimony.

These two pieces of testimony constitute the entire transcript before this court.